A93A0791. BROWN v. THE STATE.
(431 SE2d 726)

BLACKBURN, Judge.
The appellant, James Brown, Jr., was tried and convicted of burglary and criminal attempt of burglary. Judgment was entered on that

jury verdict on June 15, 1992, and the appellant filed a pro se notice of appeal on June 18, 1992. On June 30, 1992, he filed a document captioned as a motion for transcript, in which he asserted several grounds for a new trial. A motion for new trial dated June 19, 1992, was filed in the trial court on July 17, 1992. The trial court granted the appellant a new trial on December 22, 1992. This appeal was docketed with this court on January 7, 1993.

Initially, we address the issue of our jurisdiction in this case, since both a notice of appeal and motion for new trial were filed by the appellant. Where a notice of appeal and a motion for new trial are timely filed, even though the former precedes the latter, the notice of appeal is rendered premature until disposition of the motion for new trial. *O'Kelly v. State*, 196 Ga. App. 860 (397 SE2d 197) (1990); but compare *Atkinson v. State*, 170 Ga. App. 260 (1) (316 SE2d 592) (1984).

In the instant case, the appellant's motion that was filed on July 17, 1992, was untimely, and therefore void, as a motion for new trial. *Johnson v. State*, 227 Ga. 219 (180 SE2d 94) (1971). However, his motion for transcript filed on June 30, 1992, which referred to his motion for new trial and asserted several grounds for new trial, was filed within 30 days of the entry of judgment on the jury verdict.

"[T]here is no magic in mere nomenclature, even in describing pleadings." *Marshall v. State*, 229 Ga. 841 (195 SE2d 12) (1972). Pleadings are construed to serve the best interests of the pleader, and are judged by function rather than name. *Bell v. Figueredo*, 259 Ga. 321 (381 SE2d 29) (1989). Although the pro se appellant designated the pleading filed on June 30, 1992, as a motion for transcript, that motion asserted grounds for new trial. Considering the contents of that motion, the pleading functioned as a combined motion for new trial and motion for transcript, and we will classify it as such.

Inasmuch as the appellant's notice of appeal and motion for new trial were both filed timely, the notice of appeal must be considered as premature, pending disposition of the motion for new trial. *O'Kelly v. State*, supra. Further, in light of the trial court's grant of the appellant's motion for new trial, this appeal remains premature and must be dismissed, as there is nothing for this court to review.

*Appeal dismissed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Gerald P. Privin, Odessa P. Thompson*, for appellant.
James Brown, Jr., *pro se.*
*Robert E. Keller, District Attorney, Gina C. Naugle, Assistant*

*District Attorney*, for appellee.