## A94A0431. HASTY v. THE STATE.
(445 SE2d 836)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of simple battery, aggravated assault and uttering a terroristic threat. A judgment of conviction and sentence was entered on March 5, 1991, as to each charge. On May 12, 1993, defendant filed, pro se, a motion for out-of-time appeal, asserting he was neither advised of his right of appeal nor his right to post-judgment assistance from a court-appointed attorney. In opposition, the affidavit of defendant's trial attorney was filed. It provides, in pertinent part, as follows: "Following the jury's verdict and prior to, during and after the sentencing phase of the prosecution, the Defendant was fully advised of his legal right to pursue an appeal of the judgment of the Court in a timely fashion. As his attorney, I unequivocally state that he, the Defendant, was advised of his right. He never requested that I pursue this remedy." No other evidentiary material appears in the record.

The trial court denied defendant's motion for out-of-time appeal after "having reviewed all the evidence in the record [and adopting defendant's trial counsel's] averments as its findings of fact." This appeal followed. *Held*:

Defendant contends the trial court erred in denying his motion for out-of-time appeal, arguing he was neither advised of his right of appeal nor the right to post-judgment assistance from a court-appointed attorney.

"Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Cannon v. State*, 175 Ga. App. 741 (334 SE2d

342) (1985). An out of time appeal, however, is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. *Henry v. Hopper*, 235 Ga. 196, 197-198 (219 SE2d 119) (1975); *Cannon*, supra at 742." *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131).

In the case sub judice, there is no evidence indicating that failure to file a timely appeal rested with defendant after a knowing and voluntary waiver of his rights of appeal. No hearing was held on defendant's motion for out-of-time appeal and it cannot be determined from the only available evidence (i.e., the affidavit of defendant's trial attorney) whether defendant was advised of the right to be represented by an attorney on appeal. Ascertaining the answer to this question is complicated by evidence of the dismissal of defendant's sentence review petition because the petition was not filed within the 30-day filing period prescribed in OCGA § 17-10-6 (a). Accordingly, the trial court's order denying defendant's motion for out-of-time appeal is vacated and the case sub judice is remanded with direction that a hearing be conducted on defendant's motion for out-of-time appeal. The controlling issues at this hearing will be whether defendant "was denied his right of appeal through counsel's negligence or ignorance, or [whether defendant] was [fully and fairly] informed of his appeal rights. *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). An out of time appeal [will not be] authorized if the delay was attributable to the [defendant's] conduct, either alone or in concert with counsel. *Henry v. Hopper*, 235 Ga. 196, 197-198 (219 SE2d 119) (1975); *Cannon*, supra at 742." *Evans v. State*, 198 Ga. App. 537, 538, supra.

*Judgment vacated and case remanded with direction. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 30, 1994.

William F. Hasty, *pro se.*
Britt R. Priddy, *District Attorney*, Johnnie M. Graham, *Assistant District Attorney*, for appellee.