## A00A1137. BARNES v. THE STATE.
(534 SE2d 440)

BARNES, Judge.
Norman Lee Barnes appeals the dismissal of his motion for an out-of-time appeal. He contends that his constitutional and statutory rights to appeal his convictions were violated by his trial attorney's failure to file a motion for new trial and to file a notice of appeal. Because we find the record does not show a determination by the trial court that Barnes forfeited his rights to appeal his convictions, we remand this case for that adjudication.

On November 10, 1993, a jury convicted Barnes of two counts of aggravated assault with a deadly weapon, a pistol. The trial court then imposed a recidivist sentence upon Barnes, a repeat offender. For reasons not adequately explained by the record, no appeal followed. More than six years after the verdict and sentencing, Barnes filed a pro se motion for an out-of-time appeal. In this motion, Barnes

asserted that his defense counsel failed "to perfect and pursue a direct appeal."

Without providing an explanation, the trial court dismissed the motion for an out-of-time appeal. Although the trial court's order does not reflect that a hearing was held on Barnes' motion, and there is no transcript of a hearing, in an earlier order the court directed that Barnes be brought to the courthouse "to appear for his motion for out-of-time appeal." Barnes appeals the dismissal of his motion for out-of-time appeal.

Although the State argues that Barnes' motion for an out-of-time appeal was actually an extraordinary motion for new trial requiring a discretionary application, we disagree. See *Lunsford v. State*, 237 Ga. App. 696 (515 SE2d 198) (1999) (order denying a motion for an out-of-time appeal is directly appealable). The State's position that this appeal is procedurally foreclosed lacks merit. See *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993).

As a fundamental principle of law,

> [o]ur courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.

(Citations and punctuation omitted.) *Hasty v. State*, 213 Ga. App. 731-732 (445 SE2d 836) (1994). If a timely direct appeal was not taken as the result of ineffective assistance of counsel, then an out-of-time appeal is appropriate. *Gibbs v. State*, 239 Ga. App. 249 (519 SE2d 511) (1999). When a criminal defendant has lost his right to appellate review of his conviction due to error of counsel, he is entitled to an out-of-time appeal. *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). But when a convicted party by his own conduct or in concert with his counsel has slept on his rights, he forfeits his right to appeal. *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).

In this case, we cannot determine from the record before us whether the trial court conducted the requisite inquiry concerning who ultimately bore the responsibility for the failure to file a timely appeal. *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470 SE2d 300) (1996); *Hasty*, supra, 213 Ga. App. at 732. We vacate the order dismissing the motion for out-of-time appeal and direct the trial court to (1) hold a hearing on Barnes' motion for an out-of-time appeal, if one was not already held; and (2) make findings on the record in accordance with this opinion. *Eisele v. State*, 238 Ga. App. 289, 290 (519 SE2d 9) (1999). An out-of-time appeal will not be authorized if the

delay was attributable to the conduct or actions of Barnes, either alone or in concert with counsel. *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131) (1991).

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED APRIL 25, 2000.

Norman L. Barnes, *pro se.*
Robert E. Keller, District Attorney, Jack S. Jennings, Assistant District Attorney, for appellee.