A00A2031. JORDAN v. THE STATE.
(544 SE2d 731)

ELLINGTON, Judge.

A Newton County jury convicted Nathaniel Jordan of possession of cocaine, OCGA § 16-13-30 (a), and giving a false name to a police officer, OCGA § 16-10-25. Following a hearing, the trial court denied Jordan's out-of-time motion for new trial. Jordan filed this appeal,

contending that he received ineffective assistance of counsel and that the trial court erred in denying his request for a continuance to secure other counsel.

1. "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citations and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In this case, the trial court expressly ruled on — and denied — Jordan's "extraordinary motion for new trial." An appeal from the denial of an extraordinary motion for new trial must be brought in accordance with the discretionary appeal procedure. OCGA § 5-6-35 (a) (7), (b), (d). Failure to follow this procedure where required deprives this Court of jurisdiction to entertain the appeal. *Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985). Cf. *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000) (order denying a motion for out-of-time appeal is directly appealable). Jordan filed a notice of appeal rather than an application for discretionary appeal under OCGA § 5-6-35 (a) (7). We therefore must examine whether we have jurisdiction to hear Jordan's appeal.

The record shows that Jordan initially filed a "motion for permission to file out-of-time motion for new trial." Apparently, Jordan accepted the trial court's instruction that the law does not recognize such a motion and then filed an "extraordinary motion for new trial" asserting the same arguments. In denying Jordan's (extraordinary or out-of-time) motion for new trial, the trial court ruled on his substantive claims that his trial counsel provided ineffective assistance in failing to interview and subpoena essential witnesses and that the trial court abused its discretion in denying his motion for a continuance of the trial to secure replacement trial counsel.

Although Jordan conceded at the hearing that his motion was an extraordinary motion for new trial, we are mindful that "[t]here is no magic in mere nomenclature," and "[p]leadings are construed to serve the best interests of the pleader, and are judged by function rather than name." (Citations and punctuation omitted.) *Brown v. State*, 208 Ga. App. 726, 727 (431 SE2d 726) (1993). The Supreme Court of Georgia has expressly held that a motion for leave to file an out-of-time motion for new trial, rather than for leave to file an out-of-time appeal, does not by definition constitute an extraordinary motion for new trial. *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993).[1] A direct appeal is appropriate from the denial on the merits

---

[1] But see Daniel, Ga. Criminal Trial Practice, § 28-12, p. 886 (1999 ed.) (any motion for new trial filed more than 30 days after entry of judgment is an extraordinary motion for new trial); *Dick v. State*, 248 Ga. 898-899 (1) (287 SE2d 11) (1982) (same); *Gibbs v. State*, 213 Ga. App. 117 (443 SE2d 708) (1994) (OCGA § 5-6-39 (b) prohibits extensions of time for motions

of an out-of-time motion for new trial where the trial court found that the lack of diligence in filing a timely motion was attributable to counsel and not to the criminal appellant. *Balkcom v. State*, 227 Ga. App. 327, 330-331 (489 SE2d 129) (1997). As Judge Beasley explained in her dissent, "a motion for new trial on general grounds [is allowed] to be filed late and not be considered an extraordinary motion for new trial, if the trial court is satisfied of good reason for the delay and grants leave to do so." Id. at 335, n. 1 (Beasley, J., dissenting).

Because Jordan asserted that his trial counsel rendered ineffective assistance and that the trial court committed error in denying his motion for a continuance — both issues that could have been asserted in a *timely* motion for new trial — Jordan's motion was not properly categorized as an extraordinary motion for new trial. *Balkcom v. State*, 227 Ga. App. at 330. Instead, Jordan's motion should be categorized as a motion for leave to file an out-of-time appeal to make an out-of-time motion for new trial. See *Adams v. State*, 239 Ga. App. 42, 43 (2) (520 SE2d 746) (1999). In this case, by holding a hearing on the merits of Jordan's claims, the trial court implicitly accepted his explanation that the ultimate responsibility for the failure to file a timely motion for new trial was attributable solely to his trial counsel. See *Barnes v. State*, 243 Ga. App. at 704-705 (trial court must consider evidence to determine who bore responsibility for the failure to file a timely appeal); *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994) (same). See also *Balkcom v. State*, 227 Ga. App. at 334 (Beasley, J., dissenting) (appointing new counsel, bringing appellant back to court from prison, setting and holding a hearing, and denying the motion on the merits, all demonstrated that the trial court permitted an out-of-time motion for new trial). Accordingly, we find we have jurisdiction to review the denial on the merits of Jordan's out-of-time motion for new trial. *Butts v. State*, 244 Ga. App. 366-367 (536 SE2d 154) (2000). Cf. *Porter v. State*, 271 Ga. 498, 499 (521 SE2d 566) (1999) (court had no jurisdiction to consider appeal of the denial of an out-of-time motion for new trial because the record did not show that appellant had shown the trial court that the failure to file a timely motion was due to appellate counsel's failure to perform routine duties); *Balkcom v. State*, 227 Ga. App. at 328 (on appeal, criminal appellant conceded that his motion for new trial was an extraordinary one).

2. Jordan contends his trial counsel rendered ineffective assistance in his preparation for trial.

---

for new trial and therefore there are no out-of-time motions for new trial).

Under the standard established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), one asserting his trial counsel's performance was so deficient as to deny him effective assistance of counsel under the Sixth Amendment must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness (i.e., that counsel performed deficiently); and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Veal v. State*, 242 Ga. App. 873, 877 (5) (531 SE2d 422) (2000).

Jordan was arrested for giving false information to a law enforcement officer after police responded to a 911 call about an assault victim knocking on doors and asking for help. As the responding officer interviewed Jordan about what had happened to him, Jordan gave three different dates of birth and two false names. While Jordan was being booked on the charge of giving false information, an officer found a small amount of cocaine in Jordan's pocket, and Jordan was charged with possession of cocaine.

Jordan contends his trial counsel's performance was deficient in failing to identify and interview the 911 caller and in failing to interview Jeff King, a witness who had been with Jordan until shortly before Jordan was assaulted. Jordan wanted to show that the young men who assaulted him planted the cocaine in his pocket. At the new trial hearing, Jordan's trial counsel explained that, after discussing those potential witnesses with Jordan, counsel concluded that the possible benefit from the testimony of each of those witnesses did not outweigh the strategic advantage of retaining the right to opening and closing arguments by offering no defense evidence. Trial counsel's valid strategic reasons for not pursuing such minor witnesses do not equate with ineffective assistance of counsel. See *Gurr v. State*, 238 Ga. App. 1, 4 (5) (516 SE2d 553) (1999) (preserving the final word

in closing argument is a well-recognized trial tactic). Having reviewed the transcript of the hearing during which trial counsel testified and defended his decisions, we find the trial court's conclusion that Jordan failed to show ineffectiveness under the standards of *Strickland v. Washington*, supra, was not clearly erroneous. *Ney v. State*, 227 Ga. App. 496, 501 (4) (b) (489 SE2d 509) (1997).

3. Jordan contends the trial court abused its discretion in denying his motion for a continuance of the trial to secure other counsel. The motion for a continuance, made five days before trial, was based on Jordan's lack of confidence in trial counsel's ability and disagreement with his advice and strategy. Jordan failed to articulate any basis for his dissatisfaction, however, and failed to show how a continuance would have affected the outcome of the trial. "Denial of [a] continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay." *Stephens v. State*, 208 Ga. App. 620, 621 (1) (431 SE2d 422) (1993). Based on the record herein, we cannot say the trial court abused its discretion in denying Jordan's last-minute motion for a continuance in order to hire new counsel. See *Wilson v. State*, 231 Ga. App. 621 (1) (500 SE2d 387) (1998).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 16, 2001.

*James E. Millsaps*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney,* for appellee.