## S02A0435. RICHARDS v. THE STATE.
(563 SE2d 856)

BENHAM, Justice.

Appellant William Clarence Richards was convicted of malice murder in 1992, and the judgment of conviction was affirmed by this Court in 1993. *Richards v. State*, 263 Ga. 65 (428 SE2d 84) (1993). In August 2001, appellant, acting pro se, filed a motion for out-of-time

---

appeal in the superior court in which his conviction was obtained. In the motion, appellant sought an evidentiary hearing and a judicial ruling on his claim that he was denied his constitutionally-guaranteed right to the effective assistance of trial and appellate counsel in conjunction with his 1992 murder conviction. After noting that this Court had reviewed appellant's conviction on direct appeal in 1993, that an out-of-time appeal is appropriate when the defendant has not had a direct appeal, and that appellant should file a petition for writ of habeas corpus in the county of his incarceration, the trial court denied the motion for out-of-time appeal. This direct appeal followed.

"It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). We hold that there is no right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal.

An out-of-time appeal is a judicial creation that serves as " 'the remedy for [a] frustrated right of appeal.' " Id. at 875 (2). It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review. Id. The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review. Id.; *Butts v. State*, 244 Ga. App. 366 (536 SE2d 154) (2000); *Barnes v. State*, 243 Ga. App. 703 (534 SE2d 440) (2000). Due to the very nature of an out-of-time appeal, it is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). See also *Cox v. Hillyer*, 65 Ga. 57 (1) (1880) (general rule is that second appeal is not permitted from a criminal judgment of conviction affirmed on appeal); *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981). Since an out-of-time appeal is not available to one whose conviction has been affirmed on direct appeal, the denial of a motion for out-of-time appeal filed by such a defendant is not subject to direct appeal to the appellate courts. *Jackson v. State*, supra.[1] Accordingly, appellant's direct

---

[1] A criminal defendant who has had a conviction affirmed on direct appeal may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus. *Grant v. State*, supra, 159 Ga. App. at 3. However, the pleading filed by appellant seeking additional appellate review of his conviction cannot be considered an extraordinary motion for new trial since a criminal defendant is statutorily limited to filing one extraordinary motion for new trial (OCGA § 5-5-41 (b)), and appellant filed such a motion in 1992. *Richards v. State*, supra, 263 Ga. 65, n. 1. Appel-

appeal from the denial of his motion for out-of-time appeal is dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED MAY 13, 2002.

William C. Richards, *pro se.*
Ralph M. Walke, *District Attorney,* Thurbert E. Baker, *Attorney General,* Jill M. Zubler, *Assistant Attorney General,* for appellee.

---

lant's pleading cannot be considered a petition for writ of habeas corpus since appellant, while a prisoner in a state facility, filed his pleading against the State in the superior court of the county of conviction rather than against the warden of the institution in which he is incarcerated in the superior court of the county of his incarceration. *Davis v. State,* 274 Ga. 865 (561 SE2d 119) (2002). See OCGA § 9-14-43.