S03A0013, S03A0014. SIMMONS v. THE STATE (two cases).
(579 SE2d 735)

BENHAM, Justice.

Appellant Franklin Lamar Simmons, convicted of murder and sentenced to life imprisonment in 1972, filed a motion for out-of-time appeal in May 2002 in which he asserted, among other things, that he had lost his right to direct appeal because trial counsel had coerced him into withdrawing a timely-filed motion for new trial.[1] The trial court denied the motion for out-of-time appeal, and Case No. S03A0014 is appellant's direct appeal[2] from the denial of his motion. In Case No. S03A0013, appellant seeks review of the trial court's order limiting the appellate record in Case No. S03A0014 to

---

[1] A timely-filed motion for new trial extends the time within which one may file a timely notice of appeal, so long as the trial court enters an order disposing of the motion for new trial. OCGA § 5-6-38 (a). A defendant's withdrawal of his motion for new trial, without more, does not extend the time within which a timely notice of appeal may be filed and, if a notice of appeal is not filed within 30 days of the judgment of conviction, results in the loss of the right to a direct appeal. *Heard v. State*, 274 Ga. 196 (1) (552 SE2d 818) (2001).

[2] The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal. *Rowland v. State*, 264 Ga. 872 (2) (452 SE2d 756) (1995).

appellant's motion for out-of-time appeal and the filings and court orders that followed. We affirm the trial court's decisions.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." (Punctuation omitted.) *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). In order for an out-of-time appeal to be granted, the burden is on the movant to establish that the procedural deficiency that resulted in the loss of the defendant's right to direct appeal was due to error of counsel. *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002); *Rowland v. State*, 264 Ga. 872, 876 (452 SE2d 756) (1995). If there is evidence sufficient to authorize a finding that the movant's conduct caused the loss of the right to direct appeal, the movant is not entitled to an out-of-time appeal. *Henderson v. State*, 265 Ga. 317, 318 (454 SE2d 458) (1995).

When the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, judicial inquiry must be made whether appellant was responsible for the failure to pursue a timely direct appeal. *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000). A trial court abuses its discretion when it fails to make such a factual inquiry. *Thorpe v. State*, 253 Ga. App. 263, 264 (558 SE2d 804) (2002). See also *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

In the case at bar, the trial court denied the motion for out-of-time appeal due to the length of time that had elapsed since appellant's conviction and the trial court's belief that appellant was alleging "technical" pre-trial grounds for an appeal. No factual determination was made concerning the cause of appellant's failure to pursue his direct appeal despite appellant's contention that trial counsel had been ineffective by allegedly coercing appellant to terminate post-conviction review by withdrawing his timely-filed motion for new trial.

However, the absence of a finding in this appeal on the cause of the failure to pursue an appeal does not require us to remand the case to the trial court because another court has made a determinative factual finding that appellant knowingly and voluntarily waived his right to appeal. In *Simmons v. Balkcom*, 235 Ga. 776 (221 SE2d 824) (1975), this Court denied appellant's petition for a writ of habeas corpus. A review of the habeas appellate record filed in this Court[3] shows that the habeas court determined that appellant was not entitled to habeas relief because appellant "knowingly and voluntarily withdrew his motion [for new trial] against the advice of coun-

---

[3] Under *Petkas v. Grizzard*, 252 Ga. 104, 107-108 (312 SE2d 107) (1984), this Court may take judicial notice of the records of other cases before this Court, in the interest of doing substantial justice and as a means of judicial economy.

sel and has thus waived his right to a direct appeal."[4]

The doctrine of collateral estoppel, also known as issue preclusion, prevents the re-litigation of an issue actually litigated and adjudicated on the merits between the same parties or their privies. *Butler v. Turner*, 274 Ga. 566 (1) (555 SE2d 427) (2001). A privy is "one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Id. at 568. The warden in whose custody the State placed appellant after sentencing and against whom the petition for writ of habeas corpus was filed, is the State's custodial agent and has an identity of interest with the State, the party against which the motion for out-of-time appeal was filed. In light of that privity, collateral estoppel prevents a re-litigation of the issue of whether appellant was responsible for the loss of his right to direct appeal. See also *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991) (habeas court's finding adverse to defendant concerning lack of direct appeal in defendant's case is sufficient basis for trial court's denial of defendant's motion for out-of-time appeal).

The judicial determination that the right to direct appeal was lost due to appellant's action and not that of his counsel establishes that appellant is not entitled to an out-of-time appeal. *Henderson v. State*, supra, 265 Ga. at 318. Accordingly, the trial court did not err when it denied appellant's motion for out-of-time appeal, and the judgment in Case No. S03A0014 is affirmed. Inasmuch as the sole issue on appeal in Case No. S03A0014 was the propriety of the trial court's action on the motion for out-of-time appeal, the trial court did not err when it limited the record to be submitted to this Court to that which was compiled following the filing of the motion for out-of-time appeal. Accordingly, the judgment in Case No. S03A0013 is also affirmed.

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

Franklin L. Simmons, *pro se.*

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.

---

[4] According to the habeas court's order, appellant asserted in that case that threats from a fellow prisoner had caused him to withdraw his appeal.