## A03A1339. HOWSE v. THE STATE.
### (586 SE2d 695)

BARNES, Judge.

Edward Howse appeals from the trial court's order denying his motion for an out-of-time appeal. For the reasons that follow, we vacate the trial court's order and remand this case with direction.

This appeal has a confused appellate history. In January 2000, Howse was convicted of and sentenced for molesting his 14-year-old half-sister. He then filed a timely pro se motion for a new trial, and then retained his first appellate counsel to represent him. Although a hearing on the motion was scheduled, the hearing was delayed, and then the motion for a new trial was dismissed on August 16, apparently because it was not pursued. In any event, Howse's first appellate counsel was disbarred, and the circuit defender appointed counsel to represent him on August 21, 2000. A notice of appeal was filed on September 13, 2000. Then, when Howse retained private counsel, appointed counsel was released on October 31.

After the appeal was docketed in this court on July 29, 2001, docketing notices were sent to both appointed and retained appellate counsel. No brief and enumeration of errors were filed, however, and on the State's motion the appeal was dismissed on August 22, 2001.

The record shows that Howse filed a motion for an out-of-time appeal after his appeal to this court was dismissed. Although the trial court conducted a hearing on the motion and heard argument of counsel, it received no evidence concerning the reason a brief and enumeration of errors were not filed and made no findings on who was responsible.

When addressing this issue,

> our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. If a timely direct appeal was not taken as the result of ineffective assistance of counsel, then an out-of-time appeal is appropriate. When a criminal defendant has lost his right to appellate review of his conviction due to error of counsel, he is entitled to an out-of-time appeal. But

when a convicted party by his own conduct or in concert with his counsel has slept on his rights, he forfeits his right to appeal.

(Citations and punctuation omitted.) *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000).

Thus, in *Barnes*, supra, we vacated the trial court's order dismissing appellant's motion for an out-of-time appeal because we could not "determine from the record before us whether the trial court conducted the requisite inquiry concerning who ultimately bore the responsibility for the failure to file a timely appeal." 243 Ga. App. at 704. We then directed the trial court to "make findings on the record in accordance with this opinion." Id.

In *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994), there was also "no evidence indicating that failure to file a timely appeal rested with defendant after a knowing and voluntary waiver of his rights of appeal." Id. As in *Barnes*, we vacated the trial court's order denying the motion for an out-of-time appeal and directed the trial court to conduct a hearing on this issue. Id. We stated:

The controlling issues at this hearing will be whether defendant was denied his right of appeal through counsel's negligence or ignorance, or whether defendant was fully and fairly informed of his appeal rights. An out of time appeal will not be authorized if the delay was attributable to the defendant's conduct, either alone or in concert with counsel.

(Citations and punctuation omitted.) Id.

We recognize that the trial court held a hearing on Howse's motion for an out-of-time appeal and that the trial court denied the motion apparently because the present appellate counsel failed to introduce evidence showing who was responsible for the failure to file the appellant's brief and enumeration of errors. Nevertheless, we still cannot determine from the record before us who ultimately bore responsibility for the failure to file a brief and enumeration of errors in Howse's direct appeal. Because he was represented by counsel at the hearing on the motion, we cannot merely assume that Howse did not want evidence produced on this issue. Additionally, the one thing clearly exhibited by this record is that Howse did not abandon interest in the appeal. The record is replete with letters and pleadings from Howse to the trial court and other agencies concerning his appeal and his appellate representation.

As "[t]he trial court's order fails to reveal a specific determination as to whether the right to appeal was lost as the result of ineffective assistance of counsel or of appellant's own conduct," *Cannon v.*

*State*, 175 Ga. App. 741, 743 (334 SE2d 342) (1985), we must vacate the trial court's order denying Howse's motion for an out-of-time appeal and remand the case to the trial court for a further evidentiary hearing and to make findings on the record on whether the responsibility for the dismissal of the appeal rests with Howse or his counsel.

*Judgment vacated and case remanded with direction. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 18, 2003.

*Deming, Parker, Hoffman, Green & Campbell, Russell John Parker, Jr., Roderick H. Martin*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Eleanor A. Dixon, Assistant District Attorneys*, for appellee.