## S05A1616. JACKSON v. THE STATE.
(622 SE2d 356)

MELTON, Justice.

A jury convicted appellant Cecil Jackson of malice murder, aggravated assault, and possession of a gun during the commission of a crime on September 14, 1999, and a judgment of conviction and sentence was entered that same day. His trial counsel timely filed a motion for new trial from the judgment, but after 21 months elapsed without a ruling on the motion, counsel sought to dismiss the pending motion for new trial and to file the first notice of appeal. This Court dismissed the premature notice of appeal without prejudice on July

16, 2001, because the motion for new trial had not been adjudicated by the trial court. Thereafter, on September 25, 2001, the trial court permitted Jackson's counsel to dismiss the new trial motion and to substitute it with a timely filed notice of appeal. Counsel, however, never filed the notice of appeal. On April 29, 2002, we dismissed a second appeal attempt without prejudice and authorized Jackson to pursue an out-of-time appeal. Three years later, Jackson, who is now unrepresented, sought an out-of-time appeal asserting to the trial court that he was deprived of the right to appeal due to the ineffectiveness of his counsel. Specifically, he contended that he was unaware until March 8, 2005 that an appeal had not been instituted by his former counsel. The trial court denied the motion for an out-of-time appeal without explanation or a hearing, and appellant appeals from that ruling. For the reasons that follow, we reverse and remand.

An out-of-time appeal serves as the remedy for a frustrated right of appeal for a criminal defendant whose conviction has not been reviewed by an appellate court. *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). Compare *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001) (defendant not entitled to a second direct appeal from his judgment of conviction). "It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review." *Richards v. State*, supra, 275 Ga. at 191.

Jackson's allegation that he was deprived of the right to direct appeal due to trial counsel's ineffective assistance requires that a trial court conduct a hearing to determine whether the failure to pursue a timely direct appeal "was attributable to [Jackson] himself or his then legal representative." *Porter v. State*, 271 Ga. 498, 500 (521 SE2d 566) (1999). It is an abuse of discretion for a trial court to fail to make such a factual inquiry. *Simmons v. State*, 276 Ga. 525 (579 SE2d 735) (2003). Here, the trial court determined that Jackson was not entitled to an out-of-time appeal without the proper inquiry into whether Jackson or his attorney bore the ultimate responsibility for the failure to file a timely appeal. *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). Accordingly, we reverse and remand the case with direction that the trial court conduct the mandatory hearing to allow Jackson to address whether the appellate procedural deficiency was due to his counsel's error.[1]

*Judgment reversed and case remanded with direction. All the Justices concur.*

---

[1] We note that the district attorney concedes that the trial court's ruling is in error.

DECIDED NOVEMBER 21, 2005.

Cecil Jackson, Jr., *pro se.*

Peter J. Skandalakis, District Attorney, Melissa L. Himes, Assistant District Attorney, Thurbert E. Baker, Attorney General, for appellee.