A06A0321. FLOYD v. THE STATE.
(630 SE2d 168)

MIKELL, Judge.

Pro se appellant Wayne R. Floyd appeals from the orders denying his motion for an out-of-time appeal, an evidentiary hearing, and the appointment of appellate counsel. We reverse and remand the case for proceedings consistent with this opinion.

In 1991, a Polk County jury convicted Floyd of two counts of aggravated child molestation and one count of child molestation. The court sentenced him to twenty years to serve fifteen on each of the first two counts, and five years on the third count, all sentences to run concurrently. The trial court informed Floyd of the right to have his sentence reviewed but not of the right to appeal the judgment of conviction. Floyd's sentence was reviewed and affirmed by the Superior Court Sentence Review Panel on February 28, 1992. Pursuant to a court order issued later that year, his trial counsel provided him with a copy of the trial transcript, indictment, final disposition, and other relevant documents. Floyd then filed a petition seeking a medical examination of the victim. In denying this request by order dated November 16, 1992, the trial court noted that the guilty verdict had not been appealed. In 1995, Floyd filed a motion for discovery,

---

seeking witness statements and other information in order to "pursue further court proceedings." The motion was denied.

Floyd took no further action until April 2004, when he filed a "Motion to File Further Motions and Access to this Honorable Court." In this motion, Floyd argued that the court erred in denying the 1995 motion and requested that the court "grant him with the tools needed for the purpose of filing an out-of-time appeal." This motion recites that Floyd had explored his appeal rights with an attorney in 1993, and he submitted a copy of a letter purportedly written to him by the attorney on April 9, 1993, as follows:

> First of all, I did explore your contention that your right to appeal was abridged. We do believe that you are correct. You were not told of your right to appeal on the record of the case ... but further, your attorney ... admits that he told you that he would not appeal your case because he did not see any legal grounds. He also told me that he did not inform you that you could ask the court for another attorney to appeal your case nor did he inform the court that you wanted to appeal your case. Now, having said that, your constitutional right to appeal was violated. . . .[1]

The motion further states that Floyd had "not known how to pursue post-conviction relief — until recently." In a motion for reconsideration filed after the denial of the motion for access, Floyd argued that his failure to file an appeal "is not a matter of want of due diligence" but was due to ineffective assistance of trial counsel and the trial court's failure to inform him of his right to appeal. This motion was denied as well.

Next, in November 2004, Floyd filed a "Motion to Produce," seeking documents so that he could prepare for an out-of-time appeal. The court denied this motion for the reason that Floyd had never filed an appeal. On November 22, 2004, Floyd filed another motion asserting that he was entitled to an out-of-time appeal as a result of the ineffective assistance of his trial counsel, and that he intended to file a notice of appeal, "but not at this time." On December 6, 2004, the trial court issued an order denying Floyd's renewed motions to produce, stating that it could not address the merits of his assertions because he had not filed a motion requesting a hearing for an out-of-time appeal.

---

[1] The remainder of this paragraph was obliterated.

On February 28, 2005, Floyd filed a motion seeking an out-of-time appeal, an evidentiary hearing, and the appointment of appellate counsel. He attached an affidavit of poverty. In its first order, the trial court denied the motion for an out-of-time appeal, concluding that although it did not appear that Floyd was informed of his appeal rights, either by the court or trial counsel, he was put on notice in 1992, when he wrote to counsel asking for the trial transcript, that he needed to file a motion for an out-of-time appeal. As Floyd "did nothing to exercise said rights until February 28, 2005" despite "having previously been informed on several occasions that he needed to act," the trial court found that Floyd had "slept on his rights" within the meaning of *Cannon v. State*.[2] In a subsequent order issued nunc pro tunc, the trial court denied Floyd's motion for an evidentiary hearing. Floyd appeals, arguing that the trial court erred in failing: (1) to "conduct[ ] the requisite inquiry concerning who ultimately bore the responsibility for the failure to file a timely appeal,"[3] (2) to hold an evidentiary hearing, (3) to appoint appellate counsel, and (4) to grant his motion for an out-of-time appeal.

> A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. When the defendant loses that right as a result of the ineffective assistance of his counsel, he is entitled to an out-of-time appeal. It is the remedy for a frustrated right of appeal.[4]

In this regard, the defendant's right to effective assistance of counsel includes the right to be informed of the right to appeal and the right to counsel on appeal, including the right to appointed counsel for indigent defendants.[5] "Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel. . . . This right extends to every indigent accused who indicates his desire to appeal."[6]

---

[2] 175 Ga. App. 741, 742 (334 SE2d 342) (1985) ("If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court. An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.") (citations and punctuation omitted).

[3] (Citations omitted.) *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000).

[4] (Citations and punctuation omitted.) *Hudson v. State*, 278 Ga. 409 (1) (603 SE2d 242) (2004).

[5] See *Towns v. State*, 228 Ga. App. 267 (1) (491 SE2d 497) (1997).

[6] (Citation and punctuation omitted.) *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991), citing *McAuliffe v. Rutledge*, 231 Ga. 1, 3 (200 SE2d 100) (1973).

"Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights."[7] Significantly, "[t]he right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent."[8]

In the case at bar, the trial court apparently determined that the fact that Floyd waited almost 13 years after receiving the transcript before moving for an out-of-time appeal conclusively demonstrated that he had slept on his rights. The order states that it is "unknown" if trial counsel informed Floyd of the right to appeal, and the court made no findings of fact in that regard.

We recognize that a convicted party can forfeit his right to appeal by sleeping on his rights.[9] Contrary to the court's conclusion, however, "the mere passage of time does not preclude a defendant from pursuing an out-of-time appeal."[10] Therefore, "the trial court erred in focusing on the timing of [Floyd's] effort to obtain an out-of-time appeal ... [in] resolving the determinative issue of whether the initial failure to pursue a timely direct appeal was attributable to trial counsel or to the defendant himself."[11]

The judgment is reversed and the case remanded for the court to hold an evidentiary hearing to determine "who ultimately bore the responsibility for the failure to file a timely appeal,"[12] applying the principles stated in this opinion.

*Judgment reversed and case remanded. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 18, 2006.

*Donald N. Wilson, District Attorney, Craig E. Miller, Assistant District Attorney*, for appellee.

---

[7] (Citations and punctuation omitted.) *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994).

[8] (Citation and punctuation omitted.) *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

[9] See *Cannon*, supra. Accord *Bryant v. State*, 257 Ga. App. 141, 143 (570 SE2d 422) (2002).

[10] (Punctuation omitted.) *Hudson*, supra at 410 (1), citing *Dykes v. State*, 266 Ga. App. 635, 636 (597 SE2d 468) (2004).

[11] *Hudson*, supra.

[12] (Punctuation and footnote omitted.) *Brennan v. State*, 247 Ga. App. 515 (544 SE2d 210) (2001).