A06A1908. WRIGHT v. THE STATE.
(639 SE2d 563)

ANDREWS, Presiding Judge.

Percy Lee Wright, convicted by a jury of aggravated assault and possession of a firearm during the commission of this offense, appeals pro se from the trial court's denial of his motion for an out-of-time appeal.[1] For the following reasons, we vacate the trial court's order and remand this case with direction.

Wright was tried on October 2, 1995, and sentenced in November 1995. He was apparently represented by retained counsel,[2] who filed a motion for new trial and an application for sentence review on

---

[1] The State's motion to dismiss the appeal is denied.
[2] This was Wright's second retained counsel. His first counsel withdrew from his representation upon discovering that her firm represented the victim in the case.

November 13, 1995. On December 7, 1995, another retained attorney filed a motion for reconsideration of sentence. On April 19, 1999, an order, prepared by the assistant district attorney, was entered denying Wright's motion for new trial. On February 21, 2006, Wright filed his pro se motion for an out-of-time appeal and special request for appointment of counsel, contending that his counsel failed to file a timely notice of appeal. By order of April 17, 2006, the trial court denied this motion, stating that "[i]n the absence of any evidence in the record supporting the motion, it is denied."

When addressing this issue,

> our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. If a timely direct appeal was not taken as the result of ineffective assistance of counsel, then an out-of-time appeal is appropriate. When a criminal defendant has lost his right to appellate review of his conviction due to error of counsel, he is entitled to an out-of-time appeal. But when a convicted party by his own conduct or in concert with his counsel has slept on his rights, he forfeits his right to appeal.

(Citations omitted.) *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000).

> [I]n *Barnes*, supra, we vacated the trial court's order dismissing appellant's motion for an out-of-time appeal because we could not "determine from the record before us whether the trial court conducted the requisite inquiry concerning who ultimately bore the responsibility for the failure to file a timely appeal." [Id.] We then directed the trial court to "make findings on the record in accordance with this opinion." Id. In *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994), there was also "no evidence indicating that failure to file a timely appeal rested with defendant after a knowing and voluntary waiver of his rights of appeal." Id. As in *Barnes*, we vacated the trial court's order denying the motion for an out-of-time appeal and directed the trial court to conduct a hearing on this issue. Id.

We stated:

The controlling issues at this hearing will be whether defendant was denied his right of appeal through counsel's negligence or ignorance, or whether defendant was fully and fairly informed of his appeal rights. An out of time appeal will not be authorized if the delay was attributable to the defendant's conduct, either alone or in concert with counsel.

(Citations omitted.) *Howse v. State*, 262 Ga. App. 790, 791 (586 SE2d 695) (2003).

Because the trial court's order here fails to make a specific finding as to whether the right to appeal was lost as a result of ineffective assistance of counsel or by appellant's own conduct, we must vacate the trial court's order and remand the case to the trial court for an evidentiary hearing and statement of findings on the record regarding whether the responsibility for failing to appeal rests on Wright or his counsel. *Howse v. State*, supra at 790.

*Judgment vacated and case remanded with direction. Barnes and Bernes, JJ., concur.*

DECIDED NOVEMBER 28, 2006.

Percy L. Wright, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.