A09A2013, A09A2014. INGRAM v. THE STATE (two cases).
(686 SE2d 440)

JOHNSON, Presiding Judge.

Reginald Ingram filed these pro se appeals from the denial of his "Motion for an Order Allowing the Defendant to File a Motion for New Trial and Pursue an Appeal Out-of-Time." For the reasons that follow, we (1) vacate the trial court's order denying Ingram's motion for an out-of-time appeal and remand the case for a hearing consistent with this opinion; and (2) affirm the trial court's order as to the motion for new trial.

In March 2004, after a jury trial in which he was represented by counsel, Ingram was convicted of violating the Georgia Controlled Substances Act and obstructing a law enforcement officer. In June 2008, Ingram filed a pro se motion seeking an order allowing him to file an "out-of-time motion for new trial and thereafter, if necessary, to pursue an appeal." In the two-part motion, Ingram claimed that through no fault of his own and despite his "expressed wish to appeal," trial counsel failed to file a motion for new trial or notice of appeal from the convictions. Ingram urged that he was "abandoned spitefully" by trial counsel and left to represent himself. After a hearing, the trial court denied the motion in its entirety.

*Case No. A09A2013*

1. Ingram contends the trial court erred in denying his motion to pursue an out-of-time appeal without permitting him or his attorney to testify regarding who was at fault for failing to timely appeal from

the convictions. We agree that the trial court did not conduct the proper inquiry and so vacate the judgment and remand the case for the appropriate hearing.

Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.[1] An out-of-time appeal serves as the remedy for a frustrated right of appeal for a criminal defendant whose conviction has not been reviewed by an appellate court.[2] "The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent."[3] If a timely direct appeal was not taken as the result of ineffective assistance of counsel, then an out-of-time appeal is appropriate.[4] An out-of-time appeal is not authorized, however, if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself "slept on his rights."[5]

At the hearing on Ingram's motion, the court asked Ingram why he was "only at this time" filing a motion for new trial. Ingram replied that he filed the motion for new trial and to pursue an out-of-time appeal because he had been "abandoned" by trial counsel; Ingram stated that he asked counsel to file a motion for new trial "within the 30 day time frame," but counsel failed to file the motion, and Ingram had to learn how to file the motion on his own while incarcerated.

The trial court again asked Ingram to explain why he waited "almost five years to file this" motion. Ingram responded that, through no fault of his own and despite his "express wishes" to appeal, trial counsel failed to file a timely motion for new trial or notice of appeal, and left him to represent himself. Again, the court told Ingram that he needed to explain why he waited so long to file his motion. Ingram stated that he had been abandoned by his attorney and did not know how to draft such motions on his own. The trial court remarked that Ingram at some point acquired those skills, and that Ingram had been writing coherent letters to the court since 2003, "filing objections to withdraw counsel[,] and otherwise

---

[1] *Howse v. State*, 262 Ga. App. 790 (586 SE2d 695) (2003).

[2] *Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005).

[3] (Punctuation and footnote omitted.) *Floyd v. State*, 279 Ga. App. 21, 24 (630 SE2d 168) (2006).

[4] *Howse*, supra.

[5] *Nesbitt v. State*, 295 Ga. App. 394, 395 (671 SE2d 877) (2008); see *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003).

displaying the mental capacity to have pursued [his] own appeal or motion for new trial." The prosecutor announced that Ingram's trial attorney was present at the hearing and would respond to the allegations. Without hearing testimony from the attorney, the trial court denied the motion. In its written order, the trial court found that Ingram did not have a valid explanation as to "why such motions were not filed within [the] proper time" period.

It is error for a trial court to focus on the timing of the motion for an out-of-time appeal rather than on whether the initial failure to pursue a timely direct appeal was attributable to trial counsel or to the defendant himself.[6] In this case, the trial court failed to conduct the requisite inquiry into who ultimately bore responsibility for the failure to file a timely appeal — Ingram or his attorney.[7] The court did not explore counsel's role in the delay in filing a notice of appeal, despite Ingram's allegation that he had asked trial counsel to appeal from the convictions but that counsel abandoned him, and even though trial counsel was present at the hearing and available to testify.

As it stands, the record before us contains no evidence that Ingram bore any responsibility for the initial failure to timely file a notice of appeal. Nor is there any evidence that the failure to file a timely appeal rested with Ingram after a knowing and voluntary waiver of his appeal rights.[8] Nor does the record show Ingram ever undertook any post-conviction action that could be construed as a waiver of his right to appeal.[9] Notably, the mere passage of time does not preclude a defendant from pursuing an out-of-time appeal.[10] The trial court erred in denying Ingram's motion for an out-of-time appeal without resolving the determinative issue of whether the failure to pursue a timely direct appeal was attributable to counsel or to Ingram himself.[11] It was an abuse of discretion for the trial court to fail to make such a factual inquiry.[12]

As the trial court's order fails to reveal a specific determination as to whether the right to appeal was lost as the result of ineffective assistance of counsel or of Ingram's own conduct, we must vacate the trial court's order denying his motion for an out-of-time appeal and remand the case to the trial court for a further evidentiary hearing

---

[6] *Floyd*, supra; *Hudson v. State*, 278 Ga. 409, 410 (1) (603 SE2d 242) (2004).

[7] See *Howse*, supra at 791.

[8] See *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994).

[9] See *Nesbitt*, supra.

[10] Id. at 395-396.

[11] See id. at 396.

[12] See id. at 395.

and to make findings on the record as to that issue.[13]

## Case No. A09A2014

2. As Ingram fails to enumerate any error in connection with the trial court's denial of his untimely motion for new trial, the order is affirmed as to that ruling.[14]

*Judgment (denying motion for out-of-time appeal) vacated and case remanded with direction in Case No. A09A2013. Judgment (denying untimely motion for new trial) affirmed in Case No. A09A2014. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 6, 2009.

Reginald Ingram, *pro se.*

Gregory W. Edwards, District Attorney, M. Brumby McGehee Dwyer, Assistant District Attorney, for appellee.

---

[13] See id.; *Howse,* supra at 791-792; *Jackson,* supra at 28; *Floyd,* supra.

[14] See *In the Interest of S. C.,* 283 Ga. App. 387, 388 (641 SE2d 618) (2007).