**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 6, 2013**

# In the Court of Appeals of Georgia

A13A1069. WIMMER v. THE STATE.

BRANCH, Judge.

In this appeal, the State concedes the trial court erred by denying Michael Wimmer's motion for an out-of-time appeal without inquiring into the legally relevant circumstances. We agree and therefore vacate and remand for further proceedings.

Wimmer and the State agree to the following facts:[1] In 1997, Wimmer was tried and convicted of robbery by intimidation, false imprisonment, interference with government property, and making a terroristic threat. The trial court did not advise Wimmer on the record that he had a right to appeal, to an attorney on appeal, or to a court-appointed attorney if he could not afford one. Wimmer's court-appointed trial

---

[1] "Except as controverted [by the appellee], appellant's statement of facts may be accepted by this Court as true." Court of Appeals Rule 25 (b) (1).

counsel never moved for new trial or filed a notice of appeal. In 2012, Wimmer filed a motion for out-of-time appeal, but the trial court did not conduct an evidentiary hearing on Wimmer's motion.

In addition to the above facts, the record shows that in his motion for out-of-time appeal, Wimmer asserted that he failed to appeal because his counsel, through negligence or ignorance, failed to adequately inform him of his appellate rights. Wimmer asked for a hearing "to determine . . . whether the failure to file a timely notice of appeal was due to counsel's negligence."

Convicted defendants have a right to effective assistance of counsel on appeal from their conviction. *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000). An appellant is entitled to an out-of-time appeal if "the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights." (Citation omitted.) Id.; *White v. State*, 277 Ga. 647 (594 SE2d 329) (2004) ("[A] defendant seeking an out-of-time appeal following a jury trial need only show that the procedural deficiency was due to counsel's failure to perform his duties.") (citations omitted). "But when a convicted party by his own conduct or in concert with his counsel has slept on his rights, he forfeits his right to appeal." (Citation omitted.) *Barnes*, supra at 704. Thus, following

a trial, "[w]hen the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, judicial inquiry must be made whether appellant was responsible for the failure to pursue a timely direct appeal." (Citations omitted.) *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). And "[a] trial court abuses its discretion when it fails to make such a factual inquiry." (Citations omitted.) Id. Compare *Brown v. State*, 280 Ga. 658, 659-660 (3) (631 SE2d 687) (2006) (no hearing required on a motion for out-of-time appeal following a conviction based on a guilty plea because the issues can be tested by reference to the record).

In this case, because the trial court failed to make the required inquiry and failed to make relevant findings, "we must vacate the trial court's order and remand the case to the trial court for an evidentiary hearing and statement of findings on the record regarding whether the responsibility for failing to appeal rests on [the defendant] or his counsel." (Citations omitted.) *Wright v. State*, 282 Ga. App. 582, 584 (639 SE2d 563) (2006) (remand necessary where trial court failed to make a specific finding regarding who bore responsibility for the loss of right to appeal). See also *Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005) (abuse of discretion not to hold the required hearing); *Barnes*, 243 Ga. App. at 704 (remand necessary where Court of

3

Appeals could not determine from the record whether the trial court conducted the required inquiry).

*Judgment vacated and case remanded with direction. Phipps, C. J., and Ellington, P. J., concur.*

4