# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0305. JERRY DWAYNE ADAMS v. THE STATE.**

In 2003, a jury found Jerry Adams guilty of one count each of hijacking a motor vehicle and battery and two counts of kidnapping with bodily injury. After the trial court denied his motion for a new trial, we affirmed his convictions on appeal. See *Adams v. State*, 276 Ga. App. 319 (623 SE2d 525) (2005). In 2024, Adams filed a motion to vacate an illegal sentence, which the trial court denied. We dismissed Adams's ensuing appeal. See *Adams v. State*, Case No. A24A1424 (May 22, 2024).

In July 2025, Adams filed a "Motion to Vacate Judgment and for New Trial," in which he raised several challenges to the validity of his convictions. The trial court dismissed the motion, and Adams filed this direct appeal. We lack jurisdiction.

Adams's July 2025 motion may not be construed as a motion for a new trial, as it was filed more than 30 days after he was convicted in 2003. See OCGA § 5-5-40 (a). To the extent that the motion may be construed as an extraordinary motion for a new trial, this direct appeal is subject to dismissal because an appeal from a trial court order disposing of such a motion must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997); see *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996) ("Compliance with the discretionary appeals procedure is jurisdictional.").

To the extent that Adams sought an out-of-time appeal pursuant to OCGA § 5-6-39.1, that remedy is not available to him because he has already had a direct appeal. See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) ("[T]here is no

right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal."); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

Finally, to the extent that Adams's July 2025 motion sought to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/11/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*