# Court of Appeals
# of the State of Georgia

ATLANTA, September 16, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0133. LEMMIE LESTER v. THE STATE.**

Lemmie Lester was convicted of multiple crimes in September 2019. Lester filed a timely motion for new trial, which the trial court denied. Lester then filed a timely notice of appeal. That appeal was ultimately dismissed for failure to file a brief. See *Lester v. State*, Case No. A24A0631 (March 20, 2024). In June 2025, Lester filed a motion for new trial or out-of-time appeal, asserting his appellate counsel was ineffective for failing to file a brief. The trial court dismissed the motion. The trial court concluded that it did not have authority under recently-enacted OCGA § 5-6-39.1 (b) to grant relief because Lester's appeal was dismissed for failing to file a brief and not under *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). Lester then filed the instant appeal. We, however, lack jurisdiction.

Where a defendant has already had a direct appeal, he is not entitled to an out-of-time appeal. See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). The dismissal of Lester's previous appeal constitutes the binding law of the case, even though this Court did not reach the merits of the claims in that appeal. *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

And a party "is not entitled to another bite at the apple by way of a second appeal." *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001).[1]

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/16/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ *, Clerk.*

---

[1] OCGA § 5-6-39.1 (b) allows for relief for defendants (1) who move for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial was dismissed based upon *Cook*. However, OCGA § 5-6-39.1 (b) does not apply to Lester because (1) he filed his motion for new trial or out-of-time appeal more than 100 days from the expiration of the time period applicable to a motion for new trial or a notice of appeal, and (2) his prior appeal was not dismissed based upon *Cook*.