## 77355. SHOUSE v. THE STATE.
(376 SE2d 911)

BEASLEY, Judge.

Defendant's notice of appeal, taken from a judgment entered on October 20, 1987, was filed on December 9. This of course, was not timely, OCGA § 5-6-38 (a). Upon filing, defendant contended below that he did not learn of the judgment until December 4, 1987, and requested permission to appeal out of time.

Under OCGA § 15-6-21 (c) the trial court was required to notify the attorney of the losing party of its decision on the motion. Pro se defendant should have been notified. If he was not, the failure would not extend the time for filing a notice of appeal. *Robinson v. Kemp Motor Sales*, 185 Ga. App. 492, 493 (364 SE2d 623) (1988). However, it could furnish a basis for the grant of an out-of-time appeal in that he was deprived of his right to appeal, which is of constitutional dimensions. *Mobley v. State*, 162 Ga. App. 23 (1) (288 SE2d 702) (1982); *Lay v. State*, 242 Ga. 225, fn. 1 (248 SE2d 611) (1978); *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974). See dissent in *Willis v. State*, 186 Ga. App. 197, 197 (366 SE2d 778) (1988), approved by the Supreme Court in its order in *Willis v. State* (case no. 45592, issued Oct. 19, 1988).

The issue is whether defendant received notice and delayed taking action, in which case he has forfeited his right to appeal, or whether there was no timely notice, in which case either the judgment should be set aside and a new judgment entered from which a timely

appeal might be taken or an out-of-time appeal should be considered. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980). See also dissent in *Crawford v. Kroger Co.*, 183 Ga. App. 836, 837 (360 SE2d 274) (1987).

In any event, the docketing of the case in this Court is premature because the request for an out-of-time appeal has not been ruled upon by the trial court. The appeal is therefore dismissed and the case remanded for a determination whether defendant was notified as required under OCGA § 15-6-21 (c) and for such other action as deemed appropriate.

*Appeal dismissed and case remanded. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED DECEMBER 2, 1988.

Harry Shouse, *pro se.*
Robert E. Keller, *District Attorney*, Clifford A. Sticher, *Assistant District Attorney*, for appellee.