## S04A0878. HUDSON v. THE STATE.
(603 SE2d 242)

CARLEY, Justice.

In 1993, Otis Hudson was found guilty of aggravated assault and murder. Although trial counsel never filed a notice of appeal, there are affidavits in the record indicating that counsel stated to Hudson and others that he would appeal the conviction. Counsel was eventually disbarred in connection with an unrelated matter. In 1998, Hudson obtained a transcript of his trial and was informed of the disbarment of his trial lawyer. However, he did not formally seek appellate review of his convictions until he filed a pro se motion for an out-of-time appeal in 2003. The trial court apparently never held a hearing, but nevertheless denied the motion, concluding that, even though defense counsel may have been ineffective for failing to file a timely notice of appeal, Hudson offered no explanation why he waited more than five years after receipt of the transcript to seek an out-of-time appeal. Hudson appeals from that order.

1. "A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial." *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). When the defendant loses that right as a result of the ineffective assistance of his counsel, he "is entitled to an out-of-time appeal. [Cits.]" *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). "It is 'the remedy for a frustrated right of appeal. . . . (Cit.)' [Cit.]" *Smith v. State*, supra.

[5] OCGA § 16-3-23.

Here, the trial court concluded that, although the attorney may have been ineffective, Hudson still was not entitled to an out-of-time appeal because he did not explain his failure to seek that remedy earlier. Contrary to this conclusion, however, "the mere passage of time [does] not preclude a defendant from pursuing an out-of-time appeal . . . ." *Dykes v. State*, 266 Ga. App. 635, 636 (597 SE2d 468) (2004). Assuming that defense counsel was ineffective, there is nothing to show that, before seeking the out-of-time appeal to which Hudson was entitled, he ever undertook any post-conviction action which could be construed as a waiver of his right to seek that remedy. Compare *Dykes v. State*, supra (defendant sought restoration of civil and political rights); *Smith v. State*, 263 Ga. App. 414, 415 (1) (587 SE2d 787) (2003) (defendant made strategic election to pursue motion in arrest of judgment rather than direct appeal); *Bryant v. State*, 257 Ga. App. 141 (570 SE2d 422) (2002) (defendant not entitled to seek second grant of out-of-time appeal when he failed to pursue the grant of his first motion diligently). Accordingly, the trial court erred in focusing on the timing of Hudson's effort to obtain an out-of-time appeal, rather than resolving the determinative issue of whether the initial failure to pursue a timely direct appeal was attributable to trial counsel or to the defendant himself.

Therefore, the judgment is reversed and the case is remanded with direction that the trial court "conduct the requisite inquiry as to who ultimately bore the responsibility for the failure to file a timely appeal." (Emphasis omitted.) *Eisele v. State*, 238 Ga. App. 289, 290 (519 SE2d 9) (1999). If, after conducting the hearing, the trial court finds that Hudson lost his right to a direct appeal as the result of the ineffectiveness of his trial counsel, it should grant the motion for an out-of-time appeal.

2. Remaining enumerations of error are moot.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

Otis H. Hudson, *pro se.*

*Cecilia M. Cooper, District Attorney, Kameyan L. Sims, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.