## A07A1005. RAY v. THE STATE.

(652 SE2d 165)

ADAMS, Judge.

Doyle Shane Ray appeals the trial court's denial of his motion for out-of-time appeal. "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of that discretion." (Footnote omitted.) *Carroll v. State*, 270 Ga. App. 569, 570 (608 SE2d 533) (2004).

Ray was convicted of aggravated stalking on December 2 or 3, 2004. On December 15, his trial counsel filed a motion for new trial which was denied on February 16, 2005. No appeal followed. On October 17, 2005, Ray filed a motion for leave to file an out-of-time appeal in which he asserted that trial and appellate counsel rendered ineffective assistance in connection with the filing of his direct appeal. He asserted that his appointed trial counsel was aware of his desire to appeal his conviction and sentence but that he abandoned the case after the motion for new trial was denied, without filing a notice of appeal. He added that he applied for and was granted appointment of appellate counsel so that he could pursue a claim of ineffective assistance against trial counsel, but that appellate counsel informed him that he received the file too late to file a notice of appeal. Ray also requested an evidentiary hearing to determine whether he was entitled to an out-of-time appeal. Without a hearing, the trial judge denied the motion on the ground that he could find "no verification or other evidence for the Court to consider. . . ."

> When the defendant loses the right to file a timely direct appeal as a result of the ineffective assistance of his counsel, he is entitled to an out-of-time appeal. It is the remedy for a frustrated right of appeal. However, an out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citations and punctuation omitted.) *Hill v. State*, 285 Ga. App. 310, 310-311 (645 SE2d 758) (2007). "Generally, the court should hold an evidentiary hearing to make this determination. [Cits.] However, where the undisputed facts in the record show that the defendant waived or slept on her appellate rights, no hearing is required. [Cits.]" *Smith v. State*, 263 Ga. App. 414, 416 (1) (587 SE2d 787) (2003).

Here, the only evidence cited by the State to show that Ray waived or slept on his appellate rights is that on February 7, 2005, prior to the trial judge's ruling on Ray's motion for new trial, and while Ray was still represented by his trial attorney, Ray filed a pro

se motion in which he asked the trial judge to order his attorney not to file any other motions on his behalf if his motion for new trial was denied. First, this document is not in the appellate record. Second, there is nothing in the description given to even suggest that Ray intended to waive his appellate rights. Ray could have easily meant that he wanted new counsel on appeal or that he did not want his appeal delayed by additional post-trial motions. Furthermore, as reported by the State, the trial judge dismissed Ray's pro se motion because he was represented by counsel.

But more importantly, we find no case law nor rules of court requiring a petitioner's motion for out-of-time appeal be verified or accompanied by an affidavit, as the trial judge seemingly required, in order to be granted a hearing on the matter. Rather, when the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, a trial court abuses its discretion if it fails to make a judicial inquiry into whether the movant was responsible for the failure to pursue a timely direct appeal. *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). See also *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994) (hearing required where petitioner "asserted" that he was not advised of his appellate rights despite affidavit from trial counsel averring that he had been advised of at least some of those rights). See also *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999) (hearing required where the question is in dispute). Accordingly, the trial judge's cited reason for denying Ray's motion is erroneous as a matter of law. See, e.g., *Hudson v. State*, 278 Ga. 409, 410 (1) (603 SE2d 242) (2004) (erroneous to focus on the timing of motion rather than resolving who was at fault for the failure to appeal).

> Therefore, the judgment is reversed and the case is remanded with direction that the trial court conduct the requisite inquiry as to who ultimately bore the responsibility for the failure to file a timely appeal. If, after conducting the hearing, the trial court finds that [Ray] lost his right to a direct appeal as the result of the ineffectiveness of his trial counsel, it should grant the motion for an out-of-time appeal.

(Citation and punctuation omitted.) Id. Ray will have the burden of proof at the hearing. *Simmons*, 276 Ga. at 526.

*Judgment reversed and case remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 11, 2007.

Doyle S. Ray, *pro se.*

*N. Stanley Gunter, District Attorney, Charles W. Smegal, Assistant District Attorney*, for appellee.