S08A0994. WILLIAMS v. THE STATE.

(663 SE2d 179)

MELTON, Justice.

Following a jury trial, Ontario Williams appeals his conviction for the murder of Andrew Howard, contending, among other things, that the evidence was insufficient to support the verdict.[1] We affirm.

---

[1] Williams was indicted on December 28, 2005 for the malice murder, felony murder, and aggravated assault of Howard, as well as obstruction by giving false information. Following a jury trial, Williams was convicted of malice murder, aggravated assault, and obstruction. On

Viewed in the light most favorable to the verdict, the evidence shows that, on the evening of September 28, 2005, Williams, his co-defendant, David Johnson, Josie Robinson, Dwight Kelley, and another unidentified male were sitting around listening to music at Williams' home. Williams began complaining that Howard owed him a $10 debt. Williams then stated that he was going to shoot Howard for failing to repay the debt "out of principle." Williams, Johnson, and the unidentified male then went to Howard's home. Williams walked onto the front porch, knocked on the door and demanded to see Howard, who was not there. Howard's family members who answered the door testified that Williams was belligerent and appeared to be holding something behind his back at the time. After leaving Howard's home, Williams, Johnson, and the other man went to a nearby park.

Howard later arrived home, learned of Williams' earlier visit, and went to the park to talk to him. Johnson confronted Howard and began arguing loudly with him as Williams stood nearby. At the culmination of the argument, Howard was shot in the head. Just prior to the shooting, Johnson confronted a number of people in the park, told them that "something was about to go down," and warned them not to tell anyone about it. Kelley testified that, after the initial shooting, Williams and the others left the park, but Williams later returned because he said that he wanted to shoot the victim a second time. Williams then walked back into the park, and Kelley heard the second shot. After Williams and Johnson permanently fled the park, Josie Robinson, a friend of Williams, took the handgun away from him, stating that he was doing so because he did not like what Williams had done. Williams boasted to Robinson that he "got" Howard. Police later discovered the handgun in Robinson's possession, and a spent casing from the gun was found in Williams' room. When Williams was arrested, he lied about his identity.

1. This evidence was sufficient to enable the jury to conclude that Williams was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although there was conflicting evidence at trial, this result does not change. While

November 3, 2006, Williams was sentenced to life imprisonment for murder and one concurrent year for obstruction. The aggravated assault count was merged into the murder count for sentencing purposes. Williams filed a motion for new trial on November 27, 2006 which was denied on September 11, 2007. On October 17, 2007, the trial court granted Williams' motion for out-of-time appeal, but the trial court failed to make the necessary findings of fact in its order. See *Hudson v. State*, 278 Ga. 409 (603 SE2d 242) (2004). As a result, this Court dismissed Williams' subsequent appeal on January 28, 2008. On January 31, 2008, the trial court again granted Williams' motion for out-of-time appeal in a procedurally proper order, and Williams filed a notice of appeal on February 7, 2008. Williams' case was docketed in this Court on February 27, 2008, and submitted for decision on the briefs.

it is true that the evidence that [Williams] was the shooter is controverted; . . . when reviewing the sufficiency of the evidence, this Court does not re-weigh the evidence or resolve conflicts in testimony, but instead defers to the jury's assessment of the weight and credibility of the evidence.

(Citation omitted.) *Curinton v. State*, 283 Ga. 226, 228 (657 SE2d 824) (2008).

2. Williams also contends that the State was allowed to improperly question a detective who took the stand about the current crime problem in Savannah, where this incident took place. Williams argues that this evidence was both irrelevant and highly prejudicial. The record shows, however, that Williams made no objection to this evidence when it was introduced at trial. As a result, Williams has waived this argument for purposes of appeal. *Cobb v. State*, 283 Ga. 388, 390 (2) (658 SE2d 750) (2008) (party must object to evidence first time it is offered or waives objection).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Barbara N. Lanier*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.