## A08A1884. NESBITT v. THE STATE.
(671 SE2d 877)

PHIPPS, Judge.

Jerome Nesbitt appeals the denial of his motion for an out-of-time appeal. Because the trial court abused its discretion in denying Nesbitt's motion without having held an evidentiary hearing on the issue of who ultimately bore the responsibility for the failure to file a timely appeal, we reverse the ruling and remand the case for proceedings not inconsistent with this opinion.

After a jury trial, Nesbitt was convicted in December 1989 for violating the Georgia Controlled Substances Act and for obstructing an officer. In March 2008, Nesbitt filed a pro se motion for an out-of-time appeal, asserting that his trial attorney had told him that he would file a direct appeal, but neither filed an appeal nor informed him of his right to a direct appeal.[1] Nesbitt claimed that he had lost the right to file a timely direct appeal as a result of the ineffective assistance of his trial counsel. Nesbitt sought an evidentiary hearing on his motion. Without conducting a hearing, however, the trial court denied the motion. Nesbitt contends on appeal that the trial court erred by denying his motion without having conducted an evidentiary hearing.

A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and

---

[1] The record also indicates that Nesbitt was indigent and sought the appointment of appellate counsel in March 1990.

sentence entered after a jury or bench trial. When the defendant loses that right as a result of the ineffective assistance of his counsel, he is entitled to an out-of-time appeal. It is the remedy for a frustrated right of appeal.[2]

Moreover,

the defendant's right to effective assistance of counsel includes the right to be informed of the right to appeal and the right to counsel on appeal, including the right to appointed counsel for indigent defendants. Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel. This right extends to every indigent accused who indicates his desire to appeal.[3]

"However, an out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights."[4]

When the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, judicial inquiry must be made whether appellant was responsible for the failure to pursue a timely direct appeal. A trial court abuses its discretion when it fails to make such a factual inquiry.[5]

In the case at bar, there is nothing to show that any factual determination was made concerning the cause of Nesbitt's failure to pursue a direct appeal despite his assertion that trial counsel had been ineffective. Moreover, the record before us does not "show that, before seeking the out-of-time appeal . . . , [Nesbitt] ever undertook any post-conviction action which could be construed as a waiver of his right to seek that remedy."[6] And notably, "the mere passage of time does not preclude a defendant from pursuing an out-of-time

---

[2] *Hudson v. State*, 278 Ga. 409 (1) (603 SE2d 242) (2004) (citations and punctuation omitted).

[3] *Floyd v. State*, 279 Ga. App. 21, 23 (630 SE2d 168) (2006) (punctuation and footnotes omitted).

[4] *Ray v. State*, 287 Ga. App. 492 (652 SE2d 165) (2007) (citation omitted).

[5] *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citations omitted); *Ray*, supra at 493.

[6] *Hudson*, supra at 410, distinguishing *Dykes v. State*, 266 Ga. App. 635, 636 (597 SE2d 468) (2004) (defendant sought restoration of civil and political rights); *Smith v. State*, 263 Ga. App. 414, 415 (1) (587 SE2d 787) (2003) (defendant made strategic election to pursue motion in arrest of judgment rather than direct appeal); *Bryant v. State*, 257 Ga. App. 141 (570 SE2d 422) (2002) (defendant not entitled to seek second grant of out-of-time appeal when he failed

appeal."[7] Under these circumstances, we conclude that the trial court erred in denying Nesbitt's motion for an out-of-time appeal without resolving the determinative issue of whether the failure to pursue a timely direct appeal was attributable to trial counsel or to Nesbitt himself.[8]

> Therefore, the judgment is reversed and the case is remanded with direction that the trial court conduct the requisite inquiry as to who ultimately bore the responsibility for the failure to file a timely appeal. If, after conducting the hearing, the trial court finds that [Nesbitt] lost his right to a direct appeal as the result of the ineffectiveness of his trial counsel, it should grant the motion for an out-of-time appeal.[9]

*Judgment reversed and case remanded. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 29, 2008.

*T. Joseph Campbell, District Attorney, Suzanne Z. Brookshire, Assistant District Attorney*, for appellee.

---

to pursue the grant of his first motion diligently).

   [7] *Hudson*, supra (citation and punctuation omitted).

   [8] Id.; *Simmons*, supra; see also *Porter v. State*, 271 Ga. 498, 500 (521 SE2d 566) (1999) (hearing required where the question is in dispute); *Ray*, supra; *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994) (hearing required where petitioner "asserted" that he was not advised of his appellate rights despite affidavit from trial counsel averring that he had been advised of at least some of those rights).

   [9] *Hudson*, supra (citation and punctuation omitted).