A09A2231. WALSH v. THE STATE.
(691 SE2d 320)

BARNES, Judge.

William Walsh appeals the denial of his motion for an out-of-time appeal. Because the trial court abused its discretion in denying Walsh's motion without having held an evidentiary hearing on the issue of who ultimately bore the responsibility for the failure to file a timely appeal, we reverse the ruling and remand the case for an evidentiary hearing, and to make findings on the record as to that issue.

On July 2, 1997, a Walton County jury found Walsh guilty of four counts of child molestation, and he was sentenced to forty years in prison followed by forty years of probation. Trial counsel timely filed a notice of appeal from that conviction.[1] On September 4, 1997, the clerk sent trial counsel an itemized bill for preparation of the record totaling $1,125, and informed counsel that "upon receipt of the

---

[1] Walsh was also represented during this period by his same trial counsel during his trial and conviction in Oconee County for three counts of child molestation. His conviction was affirmed by this Court in *Walsh v. State*, 236 Ga. App. 558 (512 SE2d 408) (1999).

funds, this office will forward appeal to Georgia Court of Appeals." The record does not reflect that the money was paid, and no other action was taken by trial counsel or Walsh until April 2007 when Walsh wrote the clerk of the superior court asking for his case number so that he could "get information on [his] appeal in the G[eorgia] Supreme Court." Over the course of the next several months, Walsh sent multiple letters and open records requests to the court for various documents related to his conviction and appeal. In one of the letters, he explained that he

> believe[d] that [his trial counsel] intended to file an appeal. He filed his notice of appeal and application for sentence review with you in July of 1997 and you forwarded them to the superior courts review panel on Aug[ust] 15. A bill was sent to [trial counsel] on Sept[ember] 4 and by that time, I believe [trial counsel] had withdrawn from my case. . . . I'm not sure what happened as by then I was incarcerated.

On March 4, 2008, Walsh received a letter from the clerk informing him that "a statement of costs was mailed to your attorney . . . on September 4, 1997. Costs were never received." Thereafter, Walsh continued to correspond with the clerk requesting and obtaining various documents related to his case. On July 14, 2008, Walsh filed a motion for an out-of-time appeal, which he later amended on September 8, 2008. On September 23, 2008, the trial court entered an order denying the motion. A second order was entered on October 14, 2008, ostensibly denying the motion as well, and also Walsh's request for appointed counsel. Walsh thereafter filed a notice of appeal on October 15, 2008.

On October 17, 2008, a bill for costs related to the appeal was sent to Walsh totaling $3,322 which also indicated that the appeal was being held pending payment. Walsh responded with a "motion to limit the record" requesting that the record be limited to "the motions and exhibits filed since the motion for out-of-time appeal was filed on July 11, 2008" because "the cost is so prohibitive." The trial court denied the motion. Over the next several months, Walsh, still proceeding pro se, filed several other motions, including a second motion for an out-of-time appeal, a motion "for immediate review," a motion to proceed in forma pauperis, and a motion for an evidentiary hearing. The motions were all denied.

Walsh filed an application in this Court for review of the order denying his motion to proceed in forma pauperis, which this Court denied on June 5, 2009. We also noted that despite Walsh's timely filing of the notice of appeal from the denial of his motion for an out-of-time appeal, "[f]or reasons that are not entirely clear . . . that

appeal has not yet been docketed in this Court. We trust that the trial court will transmit the record to this Court in due course so that the appeal may proceed." The appeal was docketed in this Court on July 21, 2009, and counsel was appointed for Walsh shortly thereafter.

> A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. When the defendant loses that right as a result of the ineffective assistance of his counsel, he is entitled to an out-of-time appeal. It is the remedy for a frustrated right of appeal. Moreover, the defendant's right to effective assistance of counsel includes the right to be informed of the right to appeal and the right to counsel on appeal, including the right to appointed counsel for indigent defendants. Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel. This right extends to every indigent accused who indicates his desire to appeal. However, an out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citations and punctuation omitted.) *Nesbitt v. State*, 295 Ga. App. 394, 394-395 (671 SE2d 877) (2008). But, if "the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, judicial inquiry must be made whether appellant was responsible for the failure to pursue a timely direct appeal. A trial court abuses its discretion when it fails to make such a factual inquiry." (Citation and punctuation omitted.) Id. at 395.

Here, the State contends that a hearing was not required in Walsh's case because it was evident from the record that Walsh "waived and slept on his rights." It contends that the record reflects that whether one calculates the time as a 4,012-day delay between the filing of the notice of appeal or a 3,553-day delay between the filing of the notice of appeal and Walsh's first letter to the clerk of court, the delays were clearly caused by Walsh.

Despite the State's assertion otherwise, "the mere passage of time [does] not preclude a defendant from pursuing an out-of-time appeal." *Dykes v. State*, 266 Ga. App. 635, 636 (597 SE2d 468) (2004). Even assuming that trial counsel was ineffective, there is nothing to show that, before seeking the out-of-time appeal to which Walsh was entitled, he ever undertook any post-conviction action which could be construed as a waiver of his right to seek that remedy. *Hudson v. State*, 278 Ga. 409, 410 (1) (603 SE2d 242) (2004); compare *Smith v.*

*State*, 263 Ga. App. 414, 415 (1) (587 SE2d 787) (2003) (defendant made strategic election to pursue motion in arrest of judgment rather than direct appeal). Here, there is nothing to show that any factual determination was made concerning the cause of Walsh's failure to pursue a direct appeal despite his assertion that trial counsel had been ineffective.

> Therefore, the judgment is reversed and the case is re-manded with direction that the trial court conduct the requisite inquiry as to who ultimately bore the responsibil-ity for the failure to file a timely appeal. If, after conducting the hearing, the trial court finds that [Walsh] lost his right to a direct appeal as the result of the ineffectiveness of his trial counsel, it should grant the motion for an out-of-time appeal.

(Citation and punctuation omitted.) *Hudson*, supra.

*Judgment reversed and case remanded with direction. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 23, 2010.

*Christopher T. Polillo*, for appellant.

*W. Kendall Wynne, District Attorney, Eric C. Crawford, Assistant District Attorney*, for appellee.