## A11A1226, A11A1656. WHITFIELD v. THE STATE (two cases).
(721 SE2d 211)

PHIPPS, Presiding Judge.

James Whitfield appeals the denial of his motion for an out-of-time appeal. For reasons that follow, the judgment in Case No.

A11A1226 is vacated, and that case is remanded with direction; Case No. A11A1656 is dismissed.

Whitfield has represented himself throughout his case. After a jury trial, Whitfield was convicted on February 18, 2008 for driving under the influence and failure to maintain lane. He filed a timely motion for new trial. The trial court entered an order denying the motion on June 27, 2008.

Several weeks later, Whitfield filed an amended motion for new trial, and the trial court entered an order denying that motion. Whitfield then sought an extension of time in which to file a notice of appeal under OCGA § 5-6-39 (a) (1), which the trial court granted. And upon Whitfield's subsequently-filed notice of appeal from the "judgment of conviction and sentence herein on February 18, 2008," Case No. A09A0888 was docketed in this court. But the merits of Whitfield's conviction challenges were not addressed because, as we explained in an order entered in January 2009,

> Whitfield's second motion for new trial, filed after the trial court had denied his first motion for new trial, is in substance an extraordinary motion for new trial. As such, Whitfield was required to follow the discretionary appeal procedure before filing his notice of appeal. Because Whitfield failed to follow the proper appellate procedure, this appeal is DISMISSED for lack of jurisdiction.[1]

The Supreme Court of Georgia denied his petition for certiorari.[2]

Whitfield then filed in the trial court a motion for an out-of-time appeal, citing OCGA § 15-6-21 (c) and *Shouse v. State*,[3] and claiming that he had not timely received the order denying his motion for new trial entered on June 27, 2008. He asserted that the trial court had entered that order without conducting a hearing, then sent that order denying his motion to "the wrong address leaving [him] to believe [that] no Order had been filed, where he subsequently amended his motion for new trial filed July 14th 2008 to include additional evidence." The trial court denied the motion for an out-of-time appeal, finding that it had notified Whitfield using the "current address on file with this Court." These direct appeals ensued.[4]

---

[1] (*Citations* omitted.)

[2] Case No. S09C0944, denied May 4, 2009.

[3] 189 Ga. App. 531 (376 SE2d 911) (1988).

[4] See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review).

## Case No. A11A1226

1. Whitfield contends that the trial court erred by denying his motion for an out-of-time appeal.

OCGA § 15-6-21 (c) states, in pertinent part, "[I]t shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." Thus, in *Shouse v. State*,[5] wherein the defendant's notice of appeal from a judgment had been filed too late and the defendant claimed that he had not timely learned of the judgment,[6] we held:

> Under OCGA § 15-6-21 (c) the trial court was required to notify the attorney of the losing party of its decision on the motion. Pro se defendant should have been notified. If he was not, the failure would not extend the time for filing a notice of appeal. However, it could furnish a basis for the grant of an out-of-time appeal in that he was deprived of his right to appeal, which is of constitutional dimensions.[7]

Citing *Cambron v. Canal Ins. Co.*,[8] we explained further in *Shouse* that the issue then was

> whether [the] defendant received notice and delayed taking action, in which case he has forfeited his right to appeal, or whether there was no timely notice, in which case either the judgment should be set aside and a new judgment entered from which a timely appeal might be taken or an out-of-time appeal should be considered.[9]

Thereupon, we remanded the case to determine, in accordance with *Cambron*, whether the defendant had been notified as required under OCGA § 15-6-21.[10]

Under *Cambron*, "the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was

---

[5] Supra.

[6] Id.

[7] Id. (citations omitted); see *Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000) (where a convicted defendant does not receive timely notice under OCGA § 15-6-21 (c) of an order denying his motion for new trial, he can either request an out-of-time appeal or move to set aside the orders denying his motion for new trial).

[8] 246 Ga. 147 (269 SE2d 426) (1980).

[9] *Shouse*, supra at 531-532 (citation omitted).

[10] Id. at 532.

met."[11] *Cambron* instructs that relief is to be afforded the losing party "where no notice [was] sent by the trial court or by the clerk to the losing party."[12] *Cambron* further directs that "where notice was sent and received, and the trial judge so finds, he should refuse" relief.[13]

Here, the judge refused to grant Whitfield's motion for an out-of-time appeal, but did not find that Whitfield had received notice. Moreover, the record shows that, as support for his motion,[14] Whitfield attached thereto a copy of the face of an envelope, which he claimed evidenced that the trial court had mailed the order to the wrong address. The envelope named Whitfield as the recipient and provided a recipient's address that was the same address displayed on the distribution list attached to the trial court's June 27 order denying Whitfield's motion for new trial. Also, the envelope identified as the sender the judge who had denied Whitfield's motion for new trial, and it provided a sender's address. Notably, the envelope was stamped: "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD."[15]

Moreover, the recipient's address provided on the envelope was not the address shown for Whitfield on other documents in the record such as: the traffic citations issued to Whitfield that gave rise to his convictions; the waiver of arraignment/notice of trial,[16] which Whitfield signed; Whitfield's amended motion for new trial; or the court's distribution list attached to the order ruling upon the amended motion. Indeed, the record before us does not show that Whitfield, who acted pro se throughout his case, used the address shown on the envelope on any of his pleadings.[17]

---

[11] *Pierce v. State*, 289 Ga. 893, 895 (2) (717 SE2d 202) (2011) (citations and punctuation omitted).

[12] *Cambron*, supra at 148 (1); see *Veasley*, supra at 838-839; *Shouse*, supra at 531-532.

[13] *Cambron*, supra at 149 (1).

[14] It would have been the better practice for Whitfield to attach an affidavit to his motion evidencing that notice was not received; however, the record contains no response by the state to Whitfield's motion for an out-of-time appeal; thus, there is no evidence in the record contradicting Whitfield's claim that he was not timely notified. See *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (2) (545 SE2d 34) (2001) (it would have been the better practice for losing party to attach an affidavit to its motion evidencing that notice was not received; however, lack of affidavit was not fatal to losing party's quest for relief, where it was uncontroverted that losing party did not receive notice of the adverse decision).

[15] See generally *Lovell v. Thomas*, 279 Ga. App. 696, 703 (1) (c) (632 SE2d 456) (2006) (evidence that a letter was written, properly addressed with correct postage affixed, deposited in the United States mail, and never returned to the sender, creates a rebuttable presumption that the recipient received the letter).

[16] This document shows an address that Whitfield used repeatedly. (Said address appears also on a form used in connection with Whitfield's first appointment with his probation officer.)

[17] We note that Whitfield included no address on his motion for new trial. See USCR 36.4 ("All . . . pleadings and other documents shall bear the signature of the responsible attorney or

Under these circumstances, we cannot discern from the language used in the order denying Whitfield's motion for an out-of-time appeal — that the trial judge had notified Whitfield using the "current address on file with this Court" — a finding of compliance with OCGA § 15-6-21 (c) or that notice was (timely) received.[18]

> [W]e are unable to determine whether the trial court's denial of the motion [for an out-of-time appeal] was proper under *Cambron*. Therefore, the trial court's order denying the motion [for an out-of-time appeal] is vacated, and this case is remanded to the trial court with direction that it make the necessary findings under *Cambron*. If the court finds that [Whitfield] received no notice of the entry of [the June 27, 2008 order denying his motion for new trial], then the motion [for an out-of-time appeal] must be granted.[19]

2. Given the foregoing, Whitfield's remaining contentions challenging his DUI conviction are not properly before us. Therefore, we do not reach them.

### Case No. A11A1656

3. Case No. A11A1656 is dismissed as duplicative of Case No. A11A1226.

*Judgment vacated and case remanded with direction in Case No. A11A1226. Appeal dismissed in Case No. A11A1656. Andrews and McFadden, JJ., concur.*

DECIDED DECEMBER 14, 2011.

*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.

---

party who prepared the document, with the preparer's name, proper address and telephone number typed or printed underneath.").

[18] See generally *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634-635 (2) (451 SE2d 810) (1994) (language employed by trial court, coupled with lack of finding regarding compliance with OCGA § 15-6-21 (c), made uncertain whether trial court's decision was proper under *Cambron*) (physical precedent only).

[19] *Pierce*, supra (citations and punctuation omitted); see *Veasley*, supra; *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 895-896 (4) (525 SE2d 731) (1999); *Shouse*, supra; *Kendall*, supra.