**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 19, 2018**

# In the Court of Appeals of Georgia

A18A1047. GONZALEZ v. THE STATE.

MERCIER, Judge.

Arquimides Gonzalez appeals the denial of his motion for an out-of-time appeal. In his motion for an out-of-time appeal, Gonzalez asserted that he had failed to timely appeal an amended sentence because the trial court had not notified him of that sentence in a timely manner. On appeal, Gonzalez contends that the trial court erred by denying his motion for an out-of-time appeal because it did not conduct a hearing to determine who bore responsibility for his failure to file a timely appeal. For the reasons that follow, we reverse the judgment and remand the case to the trial court.

This case has a complicated procedural history. In 2007, Gonzalez was convicted of family violence battery (as a lesser included offense of aggravated assault) (Count 1), aggravated assault (Counts 2 and 6), kidnapping with bodily injury

(Count 3), and aggravated battery (Counts 4 and 5). He was sentenced to a total of life plus 81 years in prison.[1] In connection with Gonzalez's motion for new trial, the court amended the sentence in July 2008, merging Count 6 with Count 5, and imposing an aggregate sentence of life plus 61 years (the "first amended sentence").

Later that month (July 2008), Gonzalez filed a direct appeal from his convictions. In that appeal, *Gonzales v. State*, 298 Ga. App. 821 (681 SE2d 248) (2009), this Court held that the aggravated battery counts (Counts 4 and 5) should have merged at sentencing; we vacated the sentence on Count 5 and remanded the case for resentencing. Id. at 824 (1). We affirmed the remaining convictions and sentences. Id. On remand, in October 2009, the trial court amended the sentence, merging Counts 5 and 6 with Count 4, and imposing an aggregate sentence of life plus 41 years (the "second amended sentence").

Thereafter, Gonzalez sought habeas relief on several grounds, which relief the habeas court denied. See *Gonzalez v. Hart*, 297 Ga. 670, 671-672 (777 SE2d 456) (2015). On appeal from that denial, the Supreme Court reversed the judgment of the

---

[1] The trial court imposed the following sentence: Count 1, 12 months; Count 2, 20 years; Count 3, life imprisonment; Count 4, 20 years; Count 5, 20 years; Count 6, 20 years. All sentences were to run consecutively.

habeas court, finding that the evidence was insufficient under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008) to sustain the conviction for kidnapping with bodily injury (Count 3). *Gonzalez v. Hart*, supra at 674. The Supreme Court vacated the conviction for kidnapping with bodily injury and the life sentence imposed thereon, and remanded the case for resentencing on the remaining convictions. Id. at 674 (n.5).

On November 3, 2015, the trial court entered another amended sentence order in the case (the "third amended sentence" order).[2] The third amended sentence order indicated that Gonzalez's kidnapping with bodily injury conviction was vacated, and provided for an aggregate sentence of 41 years on the remaining convictions.

On June 13, 2016, acting pro se, Gonzalez filed a demand that the trial court provide him a copy of the "newly constructed sentence" entered after the Supreme Court's September 2015 remand. He averred that he had not received the new sentence order, despite having "diligently sought" information in the matter from various sources.[3] In an order entered on June 15, 2016, the trial court stated that it was

---

[2] The sentence order entered on November 3, 2015 is titled "2nd Amended Sentence." However, because it is in fact the *third* amended sentence order, we refer herein to it as the "third amended sentence" order.

[3] Gonzalez stated in his request for a copy of the third amended sentence order that he was acting pro se "in this matter." It is not clear from the record when he began representing himself, whether he was represented by counsel when the third amended

3

granting Gonzalez's demand, and was "attach[ing] a copy" of the third amended sentence order. On July 28, 2016, the trial court received a letter from Gonzalez, asking about the status of his demand for the third amended sentence order. The court entered an order on August 1, 2016, stating that it was providing Gonzalez with "an additional copy" of the third amended sentence order. Gonzalez asserts that the trial court first provided him with a copy of the third amended sentence order on August 1, 2016.

On October 17, 2016, Gonzalez filed a motion to correct the third amended sentence, arguing that a sentencing error remained, specifically, that one of the aggravated assault convictions (Count 2) should have been reduced to simple assault, and that it should have merged with his sentence for family violence battery (Count 1). The trial court denied the motion on October 19, 2016. Gonzalez filed a nearly identical motion to correct the sentence on December 8, 2016, which the trial court denied on January 20, 2017. Gonzalez filed a notice of appeal from the latter decision on February 6, 2017. This Court dismissed the appeal because Gonzalez failed to raise

---

sentence order was entered, and whether counsel (if he was then represented) received notice of the order.

4

a valid void-sentence claim. See Case No. A17A1548. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010) (after statutory time for modifying a sentence expires, trial court may modify only a void sentence; a sentence is void if the court imposes punishment that the law does not allow).

On September 18, 2017, Gonzalez filed a "Motion to Vacate Void Sentence," asserting that the trial court erred by entering the third amended sentence order without first conducting a hearing or appointing counsel. The trial court denied the motion to vacate, and Gonzalez appealed the ruling to this Court. Case No. A18A0614. On November 12, 2017, Gonzalez moved to withdraw that appeal upon concluding that it lacked merit. This Court granted his motion to withdraw the appeal on November 20, 2017.

On November 17, 2017, Gonzalez filed in the trial court a motion for an out-of-time appeal, asserting that he had been denied his right to appeal the third amended sentence order because the trial court had failed to notify him of that sentence "in a timely manner." The trial court denied the motion for an out-of-time appeal, and this direct appeal followed.

Gonzalez contends that the trial court erred by denying his motion for an out-of-time appeal without first holding a hearing to determine if the trial court was responsible for him forfeiting his right to appeal the third amended sentence. We agree.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation and punctuation omitted). "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of that discretion." *Ray v. State*, 287 Ga. App. 492 (652 SE2d 165) (2007) (citation and punctuation omitted).

"A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial." *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996) (citation omitted). However, "such an appeal of right has to be undertaken consistent with the laws of appellate procedure, and if it is not, the defendant may forfeit the right of appeal." *Waller v. State*, 299 Ga. 619, 621-622 (791 SE2d 67) (2016) (citation omitted). OCGA § 5-6-38 (a) provides, in relevant part, that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" Notably, the fact that an order was

not timely served on a defendant cannot itself extend the time for filing a notice of appeal. *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000).

The trial court was required to notify the attorney of the losing party or the pro se defendant of its judgment. See OCGA § 15-6-21 (c); *Shouse v. State*, 189 Ga. App. 531 (376 SE2d 911) (1988); see also *Wright v. Wright*, 300 Ga. 114, 116 (2) (793 SE2d 96) (2016). A lack of notice "could furnish a basis for the grant of an out-of-time appeal in that [the defendant] was deprived of his right to appeal, which is of constitutional dimensions." *Shouse*, supra (citations omitted).

> The issue is whether defendant received notice and delayed taking action, in which case he has forfeited his right to appeal, or whether there was no timely notice, in which case either the judgment should be set aside and a new judgment entered from which a timely appeal might be taken or an out-of-time appeal should be considered.

Id. at 531-532 (citations omitted); see *Wright*, supra (reiterating trial court's duty to provide notice of judgments to parties, remanding case for determination of whether trial court carried out its duty to notify pro se defendant of the final judgment, and instructing that if the notice requirement was not followed, the trial court should grant the motion to set aside, and reenter the final judgment with notice to the defendant, thereby allowing the defendant to file a timely notice of appeal).

Gonzalez maintains that he did not receive notice of the third amended sentence order in time to file a notice of appeal. Because the absence of mandatory notice did not in itself extend the time for filing a notice of appeal, the time for appeal continued to run. See *Veasley*, supra at 838. Once the 30-day appeal period expired, the case was no longer pending in the trial court. Id.

"If [Gonzalez] actually received notice of the [third amended sentence] order . . . and delayed taking action, he has forfeited his right to appeal. If, however, he did not receive timely notice," he was entitled to request an out-of-time appeal. *Veasley*, supra at 839. The judicial inquiry on a motion for an out-of-time appeal is whether the appellant was responsible for the failure to file a timely direct appeal. *Walsh v. State*, 302 Ga. App. 461, 463 (691 SE2d 320) (2010). "An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct[.]" *Rodriquez-Martinez*, 243 Ga. App. 409, 411 (2) (a) (533 SE2d 443) (2000) (citation omitted). But, "[i]f [the defendant] was not responsible for his failure to file a timely notice of appeal, the trial court should have granted his motion for an out-of-time appeal." *Thorpe v. State*, 253 Ga. App. 263, 264 (558 SE2d 804) (2002) (citation omitted). "Generally, the court should hold an evidentiary hearing to make this determination," though no hearing is required "where the undisputed facts in the record show that the

defendant waived or slept on [his] appellate rights." *Ray*, supra at 493 (citations omitted); see *McGee v. State*, 296 Ga. 353, 354 (2) (765 SE2d 347) (2014) (trial court should conduct a hearing to determine who bore responsibility for the failure to pursue a timely direct appeal). In considering a motion for an out-of-time appeal, a trial court abuses its discretion if it fails to make a factual inquiry as to whether the movant's conduct caused the loss of the right to a direct appeal. *Simmons*, supra at 526; *Ray*, supra.

In this case, the trial court did not make a factual determination as to who bore responsibility for the failure to file a timely appeal and, though the undisputed facts of record do not show that Gonzalez waived or slept on his rights, did not conduct an evidentiary hearing on the matter. Accordingly, we remand the case for an evidentiary hearing and determination as to whether Gonzalez was properly notified of the third amended sentence order, and whether his right of direct appeal was frustrated through no fault of his own. See *Walsh*, supra; *Nesbitt v. State*, 295 Ga. App. 394, 395-396 (671 SE2d 877) (2008); *Shouse*, supra at 532. It will be Gonzalez's burden to prove at the hearing on the motion for an out-of-time appeal that he was not at fault in his failure to file a timely direct appeal from the third amended sentence order. See *Ray*, supra; see generally *Simmons*, supra.

9

*Judgment reversed and case remanded. Dillard, C. J., and Doyle, P. J., concur.*