**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 1, 2020**

# In the Court of Appeals of Georgia

A20A0538. HOPPER v. THE STATE.                                    DO-020 C

DOYLE, Presiding Judge.

Earl Hopper appeals, pro se, the denial of his motion for an out-of-time appeal. For the reasons that follow, we reverse.

The record shows that on September 19, 2014, following a jury trial, Hopper was convicted of rape, child molestation, enticing a child for indecent purposes, and furnishing alcohol to a minor, and he was sentenced to life plus an additional 51 years. On October 17, 2014, Hopper's trial counsel filed a timely motion for new trial.[1] On March 21, 2016, Hopper filed a pro se motion in arrest of judgment, which

---

[1] The motion for new trial does not appear in the appellate record, but the trial court notes in its subsequent order that the motion was filed on October 17, 2014, and the parties do not dispute this.

he later amended on July 27, 2017.[2] On May 4, 2016, the trial court appointed an attorney for the limited purpose of representing Hopper on his motion for new trial. On April 12, 2017, Hopper filed a *Faretta*[3] waiver seeking to represent himself. On May 9, 2017, following a hearing, at which Hopper expressed his desire to represent himself in post-trial proceedings, the trial court entered an order permitting counsel to withdraw and scheduling an August 4, 2017 hearing on the motion for new trial. On August 10, 2017, the trial court issued an order denying the motion in arrest of judgment and the motion for new trial.[4]

On October 23, 2017, Hopper filed a pro-se notice of appeal of the August 10, 2017 order, and he amended the notice on November 28, 2017. On January 24, 2019,

---

[2] The motion for arrest of judgment does not appear in the appellate record, but the trial court notes in a subsequent order that it was filed on March 21, 2016; neither Hopper nor the State dispute the filing.

[3] *Faretta v. California*, 422 U.S. 806 (95 SCt 2525, 45 LE2d 562) (1975).

[4] The trial court found the motion in arrest of judgment to be untimely, and it denied the motion for new trial, which "set[] forth only the general grounds," noting that it had reviewed the transcript, weighed the evidence, considered the credibility of the witnesses, and was aware of its discretion as a thirteenth juror.

this Court granted the State's motion to dismiss Hopper's appeal, concluding that because it was untimely, the Court lacked jurisdiction.[5]

On March 8, 2019, Hopper filed a motion for an out-of-time appeal on the ground that he did not receive notice of the order denying his motion for new trial because it was sent to Calhoun State Prison while he was temporarily housed in the Fulton County Jail, and that the time to file a notice of appeal had already expired by the time he was returned to prison and received the order.[6] On July 31, 2019, Hopper filed a motion requesting that the trial court consider his motion for an out-of-time appeal without his physical presence at a hearing.

---

[5] See *Hopper v. State*, Case No. A19A1037 (unpublished opinion). The dismissal order contained a statement pursuant to *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995), advising Hopper that he could petition the trial court for leave to file an out-of-time appeal, and that he would have 30 days from the date of the trial court's order to file a notice of appeal of his conviction or to file a notice of appeal from the denial of the order.

[6] Hopper attached several exhibits to his motion: (1) a copy of an envelope from the trial court's chambers addressed to Hopper at the Calhoun State Prison; although it is not possible to read the "received" stamp, there is a handwritten notation on the envelope stating: "Inmate Received Sept 25, 2017 — Ofc JW" ; (2) a copy of a second envelope from the trial court's chambers, postmarked September 13, 2017, and stamped "received" September 18, 2017; it also contains the same handwritten notation: "Inmate Received Sept 25, 2017 — Ofc JW" ; (3) a copy of a typed record, presumably from the Fulton County Jail, regarding Hopper stating "Release Type. Return to State Prison With Pending Charges. Date 09/21/2017."

On August 26, 2019, the trial court entered an order denying Hopper's motion for an out-of-time appeal. In the order, the trial court noted Hopper's allegation that he did not receive a copy of the order denying his motion for new trial until after the time to appeal the order had passed, and it concluded: "Considering these facts, it appears that the failure to timely file a notice of appeal was not the fault of the [d]efendant." The trial court also concluded, however, that Hopper

> chose to represent himself with the understanding that there would be limitations on his ability to effectively represent himself, in part, because he was in custody. Further, [Hopper] never filed an [a]mended [m]otion for [n]ew [t]rial providing a substantive justification for his claims of entitlement to a new trial and/or to an appeal. An out-of-time appeal is a judicially-created remedy for a frustrated right of appeal and is granted if the defendant shows he lost his right to a direct appeal through the error of counsel. Where there is evidence sufficient to demonstrate that the movant's conduct caused the loss of his direct appeal, then the movant is not entitled to an out-of-time appeal, particularly given that a criminal defendant is not constitutionally entitled to appellate review. . . .[7]

---

[7] (Citations and punctuation omitted.) The trial court cited *Halbert v. Michigan*, 545 U. S. 605 (125 SCt 2582, 162 LE2d 552) (2005); *Sessions v. State*, 293 Ga. 33 (743 SE2d 391) (2013); and *Simmons v. State*, 276 Ga. 525 (579 SE2d 735) (2003).

In this pro se appeal, Hopper contends that the trial court erred by denying his motion for an out-of-time appeal because the court found that his failure to timely file a notice of appeal was not his fault. In response, the State argues that Hopper failed to prove that he was not at fault for the failure to timely file the notice of appeal, noting that although "[u]pon information and belief, Hopper was in fact housed in the Fulton County Jail during the entirety of the [30-day] period following the issuance of the order," there is no evidence in the record to show where the order was sent, and that Hopper forfeited his opportunity to present evidence by waiving his presence at the hearing.

> We review a trial court's denial of a motion to file an out-of-time appeal for an abuse of discretion. A defendant seeking an out-of-time appeal must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal. . . . In order to obtain an out-of-time appeal, a defendant need not show that [he] actually would have prevailed in a timely appeal. . . .[8]

---

[8] (Citation and punctuation omitted.) *Jones v. State*, ___ Ga. ___, ___ (Case No. S20A0372, decided Mar. 13, 2020).

5

Pursuant to OCGA § 15-6-21 (c), a trial court is required to notify the attorney of a losing party or a pro-se criminal defendant of its judgment.[9]

> A lack of notice could furnish a basis for the grant of an out-of-time appeal in that the defendant was deprived of his right to appeal, which is of constitutional dimensions. The issue is whether defendant received notice and delayed taking action, in which case he has forfeited his right to appeal, or whether there was no timely notice, in which case either the judgment should be set aside and a new judgment entered from which a timely appeal might be taken or an out-of-time appeal should be considered. . . .
>
> If [a defendant] actually received notice of [an] order and delayed taking action, he has forfeited his right to appeal. If, however, he did not receive timely notice, he was entitled to request an out-of-time appeal. The judicial inquiry on a motion for an out-of-time appeal is whether the appellant was responsible for the failure to file a timely direct appeal. An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct. But, *if the defendant was not responsible for his failure to file a timely notice of appeal, the trial court should have granted his motion for an out-of-time appeal.*[10]

---

[9] See *Shouse v. State*, 189 Ga. App. 531 (376 SE2d 911) (1988); see also *Wright v. Wright*, 300 Ga. 114, 116 (2) (793 SE2d 96) (2016).

[10] (Citation and punctuation omitted; emphasis supplied.) *Gonzalez v. State*, 347 Ga. App. 330, 333-334 (819 SE2d 487) (2018).

Here, notwithstanding Hopper's waiver of his presence at the hearing on his motion for an out-of-time appeal, the trial court explicitly found that Hopper did not receive a copy of the order until the date to timely appeal had passed and that his failure to file a timely notice of appeal was not his fault because he lacked notice. Under these circumstances — Hopper was being temporarily held at the Fulton County Jail and had not yet been returned by prison officials to Calhoun State Prison, where the trial court apparently sent the order denying his motion for new trial, until more than 30 days after the trial court issued the order — the trial court erred by concluding that Hopper's election to proceed pro se effectively waived his right to receive timely notice of the order or to pursue an out-of-time appeal. Therefore, because Hooper was not responsible for his failure to file a timely notice of appeal, the trial court erred by denying his motion for an out-of-time appeal.[11]

*Judgment reversed. McFadden, C. J., and Hodges, J., concur.*

---

[11] See id. at 334.