# Court of Appeals
# of the State of Georgia

ATLANTA,  December 23, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0236. DOMINICK ADRIAN MAS v. THE STATE.

Following a jury trial, Dominick Adrian Mas was convicted on June 3, 2025 of driving under the influence. He was sentenced to 12 months of probation with special conditions and ordered to pay a $300 fine. On August 31, 2025, Mas filed a pleading he denominated a "Habeas Corpus Notice of Appeal" in the Supreme Court of Georgia. The pleading was originally docketed as a petition for habeas corpus but, after reviewing the pleading, the Supreme Court concluded that Mas was seeking to appeal his criminal conviction, and re-docketed the case as an application for discretionary appeal. The Supreme Court thereafter found that appellate jurisdiction was vested in the Court of Appeals and transferred Mas's application to this Court. *Mas v. State*, Case Nos. S26H0133; S26D0485 (Nov. 13, 2025). We, however, lack jurisdiction.

"A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial." *Nesbitt v. State*, 295 Ga. App. 394, 394–95 (671 SE2d 877) (2008). And as a general rule, this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). To be timely, however, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (an appellate court lacks jurisdiction over an untimely

application for discretionary appeal); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) (same). Mas's application, which was filed 89 days after entry of the judgment of conviction, is untimely. Consequently, we are without jurisdiction to consider the application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*  12/23/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*